Ruffin, C. J.
 

 It was properly admitted by the defen - slant’s counsel, that the bill of exceptions furnished no ground for a
 
 venire de novo ;
 
 for, undoubtedly, there was sufficient evidence, if believed, of the services, of an original express contract, and an express new promise to pay this particular demand, to give a good cause of action and to repel the bar of the statute.
 

 There were, however, some objections taken in arrest of judgment, which it was necessary to notice. First, it was said, that the suit abated, because the administrator of the original plaintiff did not apply in due time to carry it on and make himself a party. But the acts of 1785 and 1786 expressly provide, that upon the death of either plaintiff or defendant, every appeal or suit may be proceeded on by application of the heirs, executors or administrators of either party; and in this case the defendant took the necessary steps to revive the suit. Indeed, it cannot be necessary for the representative of the plaintiff in any case to issue a
 
 scire facias,
 
 but it is sufficient that he apply in Court to be made
 
 *301
 
 a party, because the law keeps the defendant in Court for two terms for that purpose. Besides, if there were any irregularity, it was waived by the defendant, who did not object to the order re-waiving the suit, and it is now too late to insist on it; 2 Hay. 66.
 

 It was next said, that the judgment could not be affirmed» because of the death of the administrator after the appeal, and the bringing in of the present defendant, who is administrator
 
 de bonis non,
 
 and may not have the assets. If there had been final judgment against the first administrator, not appealed from, it seems that, even at common law, upon his death, the pláintiíf might have a
 
 scire facias
 
 to have execution against the administrator
 
 de bonis non; Snape v Norgate,
 
 Cro. Car 167; and in that case the administrator
 
 de bonis non
 
 may plead
 
 plene administravit,
 
 because the object is to fix him conclusively with the debt. This case, however, is not of that kmd, as the judgment against the first administrator was not final, by reason of the appeal, and therefore the purpose is, not to have execution upon a judgment, but to revive the suit in order to obtain a judgment, on the verdict rendered, or otherwise to prosecute the suit to a recovery. The case, therefore, depends on the act of 1824, that no suit, to which an executor or administrator is a party, shall abate by his death, but it may be revived by or against the administrator
 
 de boms non,
 
 as the same might be revived by or against an executor, upon the death of his testator, plaintiff or defendant. Rev. St. C. 2, S. 6. Of course, the mode of proceeding and the form of entering the judgment must be made to conform to the statute, and in this case, as there was no error in the judgment of the Superior Court, the proper judgment here will be, that there was no error in the original judgment, and that the plaintiff recover here the damages and costs against the administrator
 
 de bonis non,
 
 to be levied
 
 de bonis intesiati,
 
 and also against the sureties for the appeal. If the plaintiff
 
 *302
 
 can obtain satisfaction upon execution against those parties. it will suffice him. If, however, he should not, then he must proceed either by
 
 scire facias
 
 or action of debt on the judgment against the administrator
 
 de bonis non,
 
 in order to charge him therein with assets; as it seems very clear, upon principle and authority, that the question of assets cannot be put in issue upon a
 
 scire facias
 
 to revivo a suit before judgment. It has been a practice, we believe, when a defendant dies, while the cause stands on issue, to allow his executor, when brought m, to plead the want of assets. But it is a practice tolerated among the profession for their own convenience, and has passed
 
 sub silentio,
 
 and cannot be sustained, if objected to. The statute of 8 and 9 W. 3, c. 11, gave a
 
 scire facias
 
 against the executor of
 
 a
 
 defendant dying after interlocutory and before final judgment; and it was held, that the purpose of that scire
 
 facias
 
 was merely to make the executor party to the record, and therefore that, though the judgment was against the executor, it was not a judgment, fixing him with assets, and that a second action was necessary for that purpose, in which he might plead the want of assets or make any other defence, which he might make, if sued on a judgment obtained against the testator;
 
 Smith
 
 &
 
 Harmon,
 
 6
 
 Mad. 144, Tompkins
 
 &
 
 Grattin,
 
 Say. Rep. 256, 2 Saund. 72,
 
 M. McKnight
 
 &
 
 Craig,
 
 6 Cranch 183. One must see at once, that it is so, when one adverts to the fact, that a right in the executor to plead would give him the absolute power to set aside the interlocutory judgment, and thus defeat the whole statute of William. The same principle applies to the case of a judgment by default in our law; for, although our. statute is genera], and allows suits in every stage, and appeals, to be revived by or against an executor, yet the effect of aL lowing an executor, brought in as a defendant, to make a personal defence in any one case, in destruction 'of the right given to the plaintiff' by the statute, is. a just argument
 
 *303
 
 against allowing it in any case. Therefore, when it is seen, that, in the ease of a judgment by default, the plea of the executor, of want of assets, destroys the judgment, it cannot be admitted within the just construction of our statute, more than under the English statute, which is confined to the single case of an interlocutory judgment. In such a case, it would seem, that the only instance in which a plea could be admitted, is that of release or satisfaction since the last continuance : which, from necessity, would probably be received upon a proper case shown, because they go to the whole action and might be pleaded by the original defendant, if living. So, for example, if an appeal be taken from the County to the Superior Court by the defendant, and he die, it can be no bar to the plaintiff, that the defendant’s executor has no assets ; for the appeal bond was provided as a security against the very event alleged : that is, the insolvency of the original defendant, and, by consequence, of his estate. And much stronger is the reason in the case of an appeal from the Superior Court to this Court, since here there is no trial
 
 de novo,
 
 nor new pleading. These reasons are sufficient for the case before us. But it seems proper to say, that they satisfy the Court, that in no instance has the Executor of a defendant the right to make a personal defence — saving only to deny his representative character, which may be summarily determined by the Court or by a collateral issue; because the cause ought to be uniform, and it is clear that it is inadmissible in the cases before specified. The judgment in this case should be that before mentioned, because it seems to be precisely analo-gousto the case under the stat. of William, of the defendant's dying after the execution of the writ of enquiry and before the return of it; in which case the
 
 scire facias
 
 is to show cause, why the damages assessed should not be adjudged to the plaintiff; and thereupon they are adjudged against the executor.
 
 Goldsworthy
 
 &
 
 Southcoft,
 
 1 Wits. 243, 2 Saund.
 
 *304
 
 6 & Note 1. It is true, that cannot be the form of the
 
 scire facias
 
 with us, but it must be to make the executor a party to the record, so that the suit may be proceeded in; because, peradventure, the judgment on the appeal may be reversed and a
 
 venire de novo
 
 be awarded. Therefore, the precise judgment, that the damages assessed be adjudged, is not to be prayed in the
 
 scire facias ;
 
 but, if the judgment below be not reversed, then the actual judgment here must be for the damages assessed
 
 de bonis intestati,
 
 and against the sureties for the appeal. The first administra, tor was fixed with assets, and the plaintiff cannot be defeated of his recovery against them, because they have not yet reached the hands of the administrator
 
 de bonis non.
 
 If he could, the act giving the right of revivor against the administrator
 
 de bonis non
 
 would be of no value before final judgment.
 

 It-appears, that the original plaintiff, Simpson, was-allowed to prosecute the suit in
 
 forma 'pauperis ;
 
 and it is far» ther objected, that the costs during her time cannot be taxed and included in the judgment. That point,- however, is put out of the case, by the consent of the plaintiff to include in the judgment only the costs of his own timeto which he is certainly entitled.
 

 Per Curiam. Judgment accordingly for the plaintiff.