MARTHA BRADSTREET, DEMANDANT, PLAINTIFF IN ERROR, v. WILLIAM F. POTTER, TENANT, DEFENDANT IN ERROR.

The questions presented to this Court on the writ of error being the same with those in Bradstreet v. Thomas, 12 Peters, 174, the judgment of the Circuit Court, in favour of the defendant in error, was reversed.

The counsel for the plaintiff and defendant in error having applied to the Court to hear the case upon other points presented in the briefs of the plaintiff and the defendant, in order to obtain the judgment of the Court upon these points, for the direction of the Circuit Court on the further trial of the cause; the Court said: The Court cannot give any opinion upon points not properly before it, those points not being in the bill of exceptions filed in the record to the ruling of the Circuit Court. The proper functions of a Court on a writ of error is to pass judgment upon the points excepted to in the opinion of the Court below; and not to decide the law of the case in anticipation of its trial in the Circuit Court.

The rule as to costs has been established by the forty-seventh rule of this Court, 8 Peters's Reports. In all cases of reversal of any judgment or decree in the Supreme Court, except where the reversal shall be for want of jurisdiction, costs shall be allowed for the plaintiffs in error or appellants, as the case may be, unless otherwise ordered by the Court.

IN error to the Circuit Court of the United States, for the northern district of New York.

The case had been tried in the Circuit Court for the northern district of New York, on a writ of right, filed by the demandant, the plaintiff in error, for the recovery of certain lands in the county of Oneida, in the state of New York. After various proceedings in the case, the Court gave judgment for the tenant, and this writ of error was prosecuted by the demandant. The whole of the questions in this writ of error were the same with those presented to the Supreme Court in the case of Bradstreet v. Thomas, 12 Peters, 174.

Mr. Jones, for the demandant and plaintiff in error; and Mr. Beardsley, for the defendant; it having been agreed by them that the judgment of the Circuit Court must be reversed, on the authority of the case of Bradstreet v. Thomas, 12 Peters, 174; united in an application to the Court to take up the case on the merits, in order to obtain the decision of the Court upon the

2 D 2

whole case; to be used in the Circuit Court on the trial of the cause, when it should be remanded under the order of this Court.

Mr. Beardsley also presented to the Court a question, whether the defendant in error should be subjected to costs if no judgment was given by this Court on the merits of the cause.

Mr. Justice WAYNE delivered the opinion of the Court.

It is admitted by the counsel for the defendant in error, that this case presents upon the record no other exceptions than such as were before this Court, in the case of Martha Bradstreet v. Anson Thomas, 12 Peters, 174. That case then rules it, and the judgment in the Court below must be reversed.

But it is now suggested that both parties desire to obtain the opinion of the Court upon ulterior points in the case, as stated in their respective briefs, so as to have those points settled for the new trial of the cause when remanded, for the errors of procedure adjudicated in the former case of Bradstreet and Thomas; because, from the terms of this Court's opinion in that case, it seems doubtful if the Court could regularly consider and determine those questions upon the bill of exceptions, as now framed; though it be the mutual desire of the parties to get the Court's opinion upon those questions. It is only necessary to say, in reply to this suggestion, that the Court cannot give any opinion upon points not properly before it; from those points not being in the bill of exceptions filed in the record to the Court's ruling below. The proper function of a Court, in a writ of error, is to pass its judgment upon the points excepted to in the opinion of the Court below; and not to decide the law of the case, in anticipation of its trial in the Court below.

In respect to costs upon cases brought to this Court, the rule is, as may be seen in the forty-seventh rule of the Court prefixed to 8 Peters's Reports; that in all cases of reversals of any judgment or decree in this Court, except where the reversal shall be for want of jurisdiction, costs shall be allowed in this Court for the plaintiff in error, or appellant, as the case may be, unless otherwise ordered by the Court.

The question as to costs in the Circuit Court is not before us.

The judgment in the Court below is reversed.