Wyly, J.
On the ninth February, 1859, James Barrow bought from Wm. Mayo Gray a plantation in the parish of Pointe Coupee, and as part of the price assumed to pay five mortgage notes given by his vendorfor $1931 36 each, bearing on the property, which said mortgage *292 notes were executed on twenty-eighth June, 1856, and made payable to the order of John Slidell. All of these notes were paid except one held by Baron Charles De Boigne which matured on first March, 1861.
On eleventh June, 1866, alter prescription had acquired, James Barrow executed a written waiver of prescription on this note. And on sixteenth December, 1868, De Boigne recovered judgment against Barrow for the amount thereof with recognition of mortgage and vendor’s privilege.
On the second April, 1866, the New Orleans Canal and Banking Company obtained judgment against Barrow for $7000, which was duly recorded on twentieth April, 1866.
After issuing execution on their judgment, the New Orleans Canal and Banking Company took a rule on the Recorder, Wm. Mayo Gray, and Baron Charles De Boigne, to cause the erasure of the mortgage granted by Gray to Slidell and assumed by Barrow, on the ground that all the notes to secure which the mortgage had been given were paid or prescribed.
The defendant, De Boigne,' sought to have the cause removed to the United States Circuit Court on the ground that he was an alien and resident of Prance, the amount involved, exclusive of costs, exceeding five hundred dollars. The court, however, refused the application, and he excepted to the ruling of the court.
He also excepted to this proceeding by rule, contending that plaintiff should have brought a regular action.
The court refused the exception as to the form of the suit, and finding the claim of De Boigne had prescribed before prescription was waived and all the other notes embraced in the mortgage had been paid, gave judgment for the plaintiff and ordered the Recorder to erase said mortgage.
The defendant, De Boigne, ha’s appealed.
We think the court did not err in refusing to allow the case to be transferred to the United States Circuit Court.
The eleventh section of the Judiciary Act of 1789 vests in the circuit courts jurisdiction of civil suits at law and in equity when the matter in dispute, exclusive of costs, exceeds five hundred dollars, in three classes of cases:
Mrst — When the United States are plaintiffs or petitioners.
Second — When an alien is a party.
Third — When the suit is between a citizen of a State where the suit is brought and a citizen of another State.
In the case of Coal Company v. Blatchford, 11 Wallace 174, it was held by the Supreme Court of the United States that “in controversies between citizens of different States, where the jurisdiction of the *293 courts of the United States depends upon the citizenship of the parties, if there are several coplaintiffs, each plaintiff must he competent to sue, and if there are several codefendants, each defendant must he liable to he sued in those courts, or the jurisdiction can not he entertained.” And this doctrine has been maintained in several other cases. 18 Wal. 553; 3 Bl. C. C. 84; 4 W. C. C. 286; 4 Me L. 363; 6 Bl. C* C. 105.
The Recorder of the parish of Pointe Coupee, who was required to erase the mortgage, was a necessary party, and he was not suable by plaintiffs in the United States Circuit Court. As this suit could not have been brought in that court for want of jurisdiction of one of the defendants, it can not, for the same reason, be transferred to that tribunal. Brightly’s Federal Digest, volume 1, page 126, sections 192, 193.
Besides, De Boigne was not competent to sue in the United States Circuit Court on the note and mortgage set up by him, because his transferrer, John Slidell, the payee thereof, wa¡s a citizen of this State, and had no such right. 16 Peters 317; 1 Story’s Laws 53; 4 Cr. 46; 2 H. 214; 13 H. 183; 5 Me L. 147 ; Brightly’s Federal Digest, volume 2, page 50, section 23.
in regard to the exception to the form of this proceeding, we will remark that in the case of Larthel v. Hogan et al., 1 An. 330, it was held that ‘‘ Where the property of one against whom judgment had been rendered appears to be subject to privileges or mortgages entitled to preference over the judgment creditor, the latter may by a rule to show cause, as incidental to the proceedings had for the purpose of selling the property, call upon those claiming such privileges or mortgages to show cause why they should not be erased ; and the seizing creditor can not be required to resort to a direct action against persons holding such mortgages and privileges.” And this doctrine has been frequently reaffirmed by this court. See 2 An. 649; 15 An. 334; 24 An. 256; Revised Code, articles 3379, 3166.
The court, therefore, did not err in refusing this exception.