(Decided 16th December, 1887.)

GEORGE DORBERT *vs.* STATE OF MARYLAND.

*Lottery tickets—Policy-books—Evidence—Sec. 163, of Art. 72, of Revised Code—Record—Presumption.*

When a record transmitted to the Appellate Court presents no question for determination, the presumption that all things have been rightly and properly done, and that the decisions of a Court of competent jurisdiction are well founded and its judgments regular, must prevail.

On the trial of a party under an indictment founded on section 163 of Article 72, of the Revised Code, that prohibits the keeping, or allowing to be kept, any office, or other place for the sale of lottery

tickets, certain slips of paper known as "policy books," were offered in evidence by the State, and although objected to by the defendant, were admitted by the Court. The defendant excepted. The record of the case, on appeal, did not show under what circumstances the slips of paper were introduced as evidence. HELD:

That as the record did not disclose the facts relevant to the ruling excepted to, the presumption must prevail, that such ruling was correct.

APPEAL from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, BRYAN, and MCSHERRY, J.

*T. C. Ruddell,* for the appellant.

*Charles B. Roberts, Attorney-General,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

The appellant was indicted and tried in the Criminal Court of Baltimore. The first count charged him with selling a lottery ticket to one Robert Thornton. On this count there was a verdict of acquittal. There were two other counts in the indictment; the second charging him with keeping a certain place for the purpose of selling lottery tickets, and the third with permitting a certain house, of which he was the owner, to be used as a place for the sale of such tickets. On these two counts there was a verdict of guilty. The statute prohibits the keeping, or allowing to be kept, any house, office, or other place, for the purpose of selling or bartering any lottery ticket, policy, certificate, or any other thing by which the vendor or other person promises or guarantees that any particular number, character, ticket or certificate shall, in any event, or on the happening of any contingency in the nature of a

Dorbert *vs.* State.

lottery, entitle the purchaser or holder to receive money, property or evidence of debt. The penalty prescribed for this offence is one thousand dollars, to be recovered either by indictment or by action of debt, in the name of the State. Revised Code, Art. 72, sec. 163.

The record in this case is so imperfect that it is impossible to ascertain on what ground the ruling of the Court below was founded. It contains but a single exception. It seems that the State offered in evidence certain slips of paper which are known as " policy books." This evidence was objected to, but the Court ruled that it was admissible and the exception to the ruling is in these words :

"At the trial of this case the State, to maintain the issue on its part, offered in evidence certain slips of paper, which are known as ' policy books,' to which the defendant objected ; but the Court overruled the objection ; to which ruling the defendant did then and there except, and prayed the Court to sign this his bill of exceptions, which is accordingly done," &c., &c.

These slips of paper are not incorporated in the record which contains no evidence whatever. This Court has, therefore, no means of knowing under what circumstances and in connection with what proof these slips of paper were introduced as evidence, and is thus unable to determine whether the ruling of the Court below was erroneous or otherwise. Nor can it seek for information *dehors* the record. An appellate Court, in deciding on an appeal, cannot travel beyond the record and recognize the existence of facts not therein set forth. *Mahoney vs. Ashton,* 4 *H. & McH.,* 295 ; *Bradstreet vs. Potter,* 16 *Peters,* 317.

The record should disclose the facts relevant to the ruling excepted to. An appellate tribunal has no other source of information and when a party invokes the interposition of this Court, on the ground that he has been aggrieved by an erroneous ruling, if he fails in a proper presentation of the questions involved in controversy, he

has no just reason to complain if his efforts to obtain a reversal of an adverse decision prove to be abortive. "A judgment is the highest exercise of judicial power," and cannot be reversed on a bill of exceptions which presents nothing for determination. *Burtles vs. The State,* 4 *Md.,* 277; *Reynolds vs. Negroes Juliet, et al.,* 14 *Md.,* 120; *Clemens vs. Mayor & C. C. of Baltimore,* 16 *Md.,* 212.

The principle settled by adjudication is that when a record presents no question for determination, the presumption, that all things have been rightly and properly done, and that the decisions of a Court of competent jurisdiction are well founded and its judgments regular, must prevail. In the disposition to be made of this appeal this legal maxim must necessarily exercise a predominant control. It must be presumed that the learned Judge in the Court below had all the information presented to him which has been withheld from this Court, and that his ruling was in conformity with established principles. This judgment should therefore be affirmed.

*Ruling affirmed, and*
*cause remanded.*

(Decided 16th December, 1887.)