### BERTHOLD et al. v. BURTON.

(Circuit Court, S. D. New York. February 1, 1909.)

1. COSTS (§ 254*)—"COSTS OF THE APPEAL"—TAXATION.

Fees paid to the clerk of the Circuit Court for a citation, writ of error, and for certifying the transcript of record are none the less "costs of the appeal," and taxable as such, because they are taxable in the Circuit Court after the determination of the appeal.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 962–966, 974–977; Dec. Dig. § 254.*]

2. COSTS (§ 204*)—PAYMENT—TIME.

The costs of trials at circuit abide the event, so that the party who ultimately prevails may tax costs of all the trials, including disbursements and witnesses' fees, in his final bill.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 204.*]

3. COSTS (§ 264*)—COSTS OF APPEAL.

Where a judgment was reversed on a writ of error, "with costs of this appeal," the Circuit Court, in carrying out such mandate, could not direct that certain of such costs should abide the event.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 264.*]

On Settlement of Order on Mandate.

Hyland & Zabriskie, for plaintiffs.
Appell & Taylor, for defendant.

LACOMBE, Circuit Judge. Plaintiffs obtained a judgment against defendant in the Circuit Court, a writ of error was taken out, and the judgment was reversed, "with costs of this appeal." Part of the costs of the appeal were taxed by the clerk of the Circuit Court of Appeals at $415.85. This sum, however, did not include the fees paid to clerk of the Circuit Court for citation, writ of error, and for certifying the transcript of record. It has been the practice not to tax these items before the clerk of the Circuit Court of Appeals, but in the Circuit Court. This was in conformity with a rule founded on an old rule of the Supreme Court, which was adopted presumably because its jurisdiction is so extensive that it seemed better to leave the details of these local disbursements, often in a distant court, to be adjusted at the place where they were incurred. They are nevertheless as much "costs of the appeal" as are the fees of the clerk of the appellate court, and should be taxed as such.

It is now suggested that, although taxed, they should not be awarded to the party who prevailed on the appeal, but be reserved to "abide the event of the trial." All the costs of trial at circuit, of course,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"abide the event," and the party who ultimately prevails will tax costs of all the trials, including disbursements for witness fees, etc., with his final bill of costs. But the "costs of appeal" are a different matter. The Circuit Court of Appeals did not direct that they should abide the event, but awarded them to the prevailing party. It seems to the writer that such was a proper disposition to make of them; but, however that may be, the Circuit Court has not the power, in carrying out this mandate, to overrule the appellate court and direct that some part of the costs of appeal shall abide the event.

It is suggested that, if plaintiff pays the costs of this appeal now, he can tax the amount as a part of his disbursements in case he ultimately succeeds. No such question is here now. It can be decided only when it arises. Reference to orders on mandate made in other cases, where no objection was made by one side to a form of order proposed by the other, are not persuasive.