### BAILEY v. MISSISSIPPI HOME TELEPHONE CO.

(Circuit Court of Appeals, Third Circuit.   August 3, 1918.)

No. 2370.

1. CORPORATIONS ☞433(2)—CONTRACTS—RATIFICATION—QUESTION FOR JURY.

    Whether a corporation had ratified a parol contract made by one of its officers without antecedent authority *held* a question for the jury.

2. MONOPOLIES ☞8—CONTRACTS—LEGALITY.

    A contract by a public service corporation to pay a commission for sale of its property to a competitor, which was prohibited by a law of the state, is not necessarily illegal, where it was contemplated, and an effort was made, to first secure a repeal of the law.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

Action by John R. Bailey against the Mississippi Home Telephone Company. Judgment for defendant, and plaintiff brings error. Reversed, and new trial granted.

John J. Reardon and Geo. E. Sands, both of Williamsport, Pa., for plaintiff in error.

J. Fred Schaffer, of Sunbury, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

PER CURIAM. In this action between citizens of different states John R. Bailey sued to recover compensation for services rendered in bringing together the buyer and the seller of property. He set up a parol contract providing for compensation, but was nonsuited in the District Court. As the learned judge gave no reason for his judgment, either when he entered the nonsuit or when he refused to take it off, we cannot know what was in his mind and are not disposed to speculate. But we have examined the record with care in order to discover what questions were disputed, and to find, if possible, a satisfactory ground for supporting the judgment. We regret to say we have not been successful in finding such a ground; but, as the case must be tried again, we shall state our conclusions briefly and in general terms, so as to avoid the appearance of deciding questions now with finality that may wear a different aspect after all the evidence has been heard.

[1] The leading questions in dispute seem to have been two: First, whether the defendant had authorized or ratified the contract; and, second, whether the plaintiff must fail because the contract was against public policy, and therefore void. On the first point we shall only say that, as the agreement (if made) was by parol, its terms and its scope were for the jury under proper instructions. As there was no such submission, the court must have held that the terms were of no importance, and that in no event was the company bound. So far as appears, the agreement was made by one of its officers without antecedent authority, and therefore the company could only be bound if the evidence showed ratification with knowledge of the transaction. On this point there was submissible evidence, and if the case was decided on this question there was error in taking it from the jury.

[2] But it may have been decided on the ground that the contract was against public policy, and this requires a few additional remarks. The property to be sold was the defendant's business in Mississippi, and the proposed buyer was a corporate competitor, to whom a sale was forbidden by a general law of the state. Just what the parties to the contract intended is rather obscure, the evidence being somewhat meager; but the jury might have found that no sale was contemplated unless the Legislature should change the law, and that, although the parties intended to urge the change, no improper means to that end were in view. It is not unlawful to seek by proper argument and application to persuade a Legislature to repeal or modify a statute, and, if nothing more were in contemplation here, we see nothing to blame in such an effort. As it turned out, the effort was not successful, and the defendant's property was afterward sold in bankruptcy to certain of its own officers, who immediately conveyed it to a subsidiary of the proposed corporate buyer, thus accomplishing the result for which the plaintiff's services had been engaged. This might have presented another question. If the sale was a subterfuge to avoid paying the plaintiff's compensation, it would not prevent recovery; but if the sale were bona fide, without such a purpose, the plaintiff would have to bear his own loss. But this question also would have been for the jury, and was not submitted.

In a general way we have outlined the situation, and further evidence may throw a good deal of light on the dispute. The case should have been fully heard, and (so far as we can see now) should have been left to the jury with proper instructions.

No question concerning the effect of the bankruptcy proceedings was raised below, either by the pleadings or during the trial, and none is now considered.

The judgment is reversed, and a new trial is granted.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes