### BAILEY v. MISSISSIPPI HOME TELEPHONE CO.

(District Court, M. D. Pennsylvania.    December 18, 1918.)

No. 879.

1. Costs ⬤⇒254(1, 5), 258—Federal Courts—Costs Awarded on Reversal.
     Under rule 29, par. 3, and rule 23, par. 7, of the Circuit Court of Appeals (224 Fed. xix, xvi, 137 C. C. A. xix, xvi), when a judgment is reversed, with costs, plaintiff is entitled to costs of the appeal, including actual cost of printing the record, but not including cost of printing briefs, nor cost of transcript, which must be taxed in the District Court as costs in the case.

2. Costs ⬤⇒247—Costs Awarded on Reversal.
     A mandate from the Circuit Court of Appeals, reversing a judgment, with costs "in the sum of $50.10," held not to entitle plaintiff to execution for costs incurred by him in the District Court, but only for costs of the appellate proceedings, including those specified in the mandate.

Action by John R. Bailey against the Mississippi Home Telephone Company. On rules to set aside writs of fi. fa. and attachment execution. Granted conditionally.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John J. Reardon, of Williamsport, Pa., for plaintiff.
J. Fred Schaffer, of Sunbury, Pa., for defendant.

WITMER, District Judge. The plaintiff, John R. Bailey, sued the defendant, the Mississippi Home Telephone Company, in an action of assumpsit. The case was tried in the District Court, and plaintiff was nonsuited. Upon refusal to take off the nonsuit, he appealed, and the Circuit Court of Appeals (252 Fed. 581, — C. C. A. —) reversed the judgment, with costs, and ordered a new trial.

On the 12th day of August, 1918, plaintiff filed the following bill of costs in the District Court:

| | | |
|---|---|---|
| J. P. Helfenstein, a witness duly subpœnaed in behalf of plaintiff and present at the trial 140 miles circular @ 5¢ | $7.00 | |
| 4 days' attendance @ 1.50 | 6.00 | $ 13.00 |
| Serving subpœna | | 2.40 |
| Stenographer's fees (½) for taking, transcribing, and certifying testimony | | 55.68 |
| Actual cost of printing appellant's paper books | | 104.70 |
| Clerk's costs paid by plaintiff | | 11.25 |
| Marshal's costs paid by plaintiff | | 9.97 |
| Cost of appeal bond | | 10.00 |
| Atty. fee in District Court | | 10.00 |
| | | $217.00 |

On the 5th day of September, 1918, the mandate from the appellate court, dated the 3d day of September, 1918, was filed in the District Court. The mandate, inter alia, provides:

"That the said plaintiff in error, John R. Bailey, recover against the said defendant in error, the Mississippi Home Telephone Company, in the sum of fifty dollars ($50.00) for his costs * * * and have execution therefor."

The costs appearing upon the mandate and for which Bailey was awarded execution by the Circuit Court of Appeals, are as follows:

| | |
|---|---|
| Clerk | $30.00 |
| Attorney | 20.00 |
| Total | $50.00 |

Thereafter Bailey caused a writ of fi. fa. and a writ of attachment in execution to issue for the collection of $267, being the whole of the plaintiff's bill filed in the District Court as indicated, plus the costs appearing upon the mandate. Thereupon defendant obtained these rules to set aside the writs. The dispute between the parties raises the question as to what costs the appellant is entitled to recover at this time from the appellee. He insists upon recovering all the costs embraced in his bill filed in the District Court, which upon examination covers all costs of the plaintiff in the District Court, while the Mississippi Home Telephone Company contends that the appellant is only entitled to recover the costs of appeal, as per the award of costs in the mandate, $50.

[1] The Pennsylvania rule, that costs on a reversal are to abide the event of the suit (Wright v. Small, 5 Bin. 204; Hamilton v. Aslin, 3 Watts, 222; Smith v. Sharp, 5 Watts, 292), does not obtain

in the federal courts (Berthold v. Burton [C. C.] 169 Fed. 495; Jennings v. Burton [C. C.] 177 Fed. 603). When judgment is reversed, with costs, it includes all the costs of the appeal, no matter how or when taxable. Berthold v. Burton (C. C.) 169 Fed. 495.

Rule 29, par. 3, of the Circuit Court of Appeals (224 Fed. xix, 137 C. C. A. xix) provides:

"In cases of reversal of any judgment or decree in this court costs shall be allowed to the plaintiff in error or appellant, unless otherwise ordered by the court. The cost of the transcript of the record from the court below shall be taxable in that court as costs in the case."

Under this rule the costs of transcript of the record cannot be taxed in the Circuit Court of Appeals, but must be taxed in the court below. Lee Injector Mfg. Co. v. Penberthy Injector Co., 109 Fed. 964, 48 C. C. A. 760. In the same case it is also decided that money paid to a surety company for an appeal bond is not taxable as costs in either court.

Rule 23, par. 7, of the Circuit of Appeals (224 Fed. xvi, 137 C. C. A. xvi) provides:

"In case of reversal, affirmance or dismissal, with costs, the actual cost paid for printing the record by the party in whose favor costs are awarded, and the clerk's fee for supervising the printing, etc., where such fee is paid by the party in whose favor costs are awarded shall be taxed against the party against whom costs are given and shall be inserted in the body of the mandate or other proper process."

The cost of printing briefs is not included. Ex parte Hughes, 114 U. S. 548, 5 Sup. Ct. 1008, 29 L. Ed. 281; Kursheedt Mfg. Co. v. Naday, 108 Fed. 918, 48 C. C. A. 140; Lee Injector Mfg. Co. v. Penberthy Injector Co., supra.

It will be noted that, while plaintiff's bill filed in this court contained some items that, as a whole or in part, are allowed as costs of the appeal the greater portion of such cannot be so regarded; nor is it possible, from the information the bill carries upon its face, to determine to any degree of accuracy what portion should be allowed. The item "actual cost of printing appellant's paper books, $104.70," no doubt embraces "the printing of the record," for which, under the rule, appellant may recover; but it is equally certain that it includes as well the cost of his brief of argument, which may not be included, as appears supra. And the same also in turn applies to the item "Stenographer's fee for taking, transcribing, and certifying testimony," "Clerk's costs," etc.

Under the rule the costs paid the clerk for preparation of the transcript of the record in the court below, while taxable as costs, does not include the payment of stenographer's fees incurred previous to the appeal in taking and transcribing notes of testimony used by the clerk in making up the record. The purpose and the end to be obtained by the rules promulgated by the appellate court is to make the appellee whole by way of reimbursement for costs necessarily laid out in bringing his case before the court when and where he is entitled to relief. The costs so far incurred, previous to the appeal, in this court such as "Costs paid marshal," "Attorney's fee allowed in

District Court," "Witness fees," etc., are clearly not recoverable as costs under the order of the appellate court and its recited rules. These will abide the ultimate result and termination of the case.

[2] The orderly way to dispose of this muddle is to have the clerk tax the costs of the appeal including the costs returned by the clerk of the District Court, upon notice to the parties, and if, without appeal of either party, the costs so taxed, together with the costs of the fi. fa. stayed, are not paid within 30 days of notice to the appellee, the defendant herein, the rule to stay is dismissed. If paid, the rule is made absolute, and the attachment and interpleader proceedings are dismissed.