## BAILEY v. MISSISSIPPI HOME TELEPHONE CO.

(Circuit Court of Appeals, Third Circuit. December 15, 1920.)

No. 2560.

**Brokers ⊕60—Broker held not entitled to commission when sale was prevented by bankruptcy.**

A broker, employed to sell the property of a telephone company, who negotiated a sale, which could not be carried through because of legal obstacles, *held* not entitled to a commission because, after the bankruptcy of the company and a sale of the property by the trustee, the

proposed buyer secured it from the purchasers, who were officers of the company, where it appeared that the bankruptcy and sale were bona fide, and not a subterfuge to avoid paying the commission.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Hugh M. Morris, Judge, specially assigned.

Action at law by John R. Bailey against the Mississippi Home Telephone Company. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 254 Fed. 358.

John J. Reardon, T. M. B. Hicks, and Henry C. Hicks, all of Williamsport, Pa., for plaintiff in error.

J. Fred Schaffer, of Sunbury, Pa., and W. W. Ryon, of Shamokin, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In an opinion of this court reported at 252 Fed. 581, 164 C. C. A. 497, this case was reversed and sent back for a new trial. We there said:

"In a general way we have outlined the situation, and further evidence may throw a good deal of light on the dispute."

We also said that—

"No question concerning the effect of the bankruptcy proceedings was raised below, either by the pleadings or during the trial, and none is now considered."

As to the bankruptcy proceedings, we stated:

"The defendant's property was afterward sold in bankruptcy to certain of its own officers, who immediately conveyed it to a subsidiary of the proposed corporate buyer, thus accomplishing the result for which the plaintiff's services had been engaged. This might have presented another question. If the sale was a subterfuge to avoid paying the plaintiff's compensation, it would not prevent recovery; but if the sale were bona fide, without such a purpose, the plaintiff would have to bear his own loss."

On the retrial, full proofs were heard, and at their conclusion the trial judge gave binding instructions for defendant. This writ of error raises the question whether such action was error.

An examination of the proofs and a study of the course of trial and the charge satisfy us that the trial judge carefully followed the course pointed out in our former opinion, and gave the parties the opportunity to furnish the pertinent proofs and to try the issue which underlay the case as indicated in our opinion, namely, whether "the [bankruptcy] sale was a subterfuge to avoid paying the plaintiff's compensation," in which event such sale would not prevent the plaintiff's recovery, or whether "the [bankruptcy] sale was bona fide, without such purpose," in which event, the plaintiff could not recover.

As bearing on the underlying question of the bona fides of the bankruptcy sale and its divesting the title of the Mississippi Home Telephone Company, the proofs show that the proposed sale by the latter company to the Southern Bell Company, which the plaintiff is alleged to have brought about, and for which he claims commission, encoun-

tered legal obstacles which forbade the purchase of a competing line. Later the company went into bankruptcy, and the proofs show, as the sequel proved, its insolvency. Its telephone plant, which was to have been sold to the Southern Bell Company, was sold to several individuals, who, while they were officers of the company, were also, as individuals, indorsers on its notes to the extent of $110,000. These indorsements they were individually forced to pay to the extent of $40,000 over and above the amount ($67,000) which they realized as individuals on a sale of the purchased plant which they subsequently made to a subsidiary company of the Southern Bell Company. Both these sums, viz. the $67,000 received from a resale of the property bought at the bankruptcy sale, and $40,000 they personally raised, were applied to the payment of the debts of the insolvent company.

In view of these proofs, and of the stipulation of record that "both parties, therefore, stand for the affirmance of the proceedings in bankruptcy," it is clear that there was no ground for submitting to the jury an issue on the bona fides of the bankruptcy, and its consequent effect of divesting the bankrupt company's ownership of the plant and vesting it in the individuals who bought it and paid the purchase money, which went to its creditors; and it is also clear that the proofs are equally barren of any ground on which to submit to a jury the question whether the sale was a subterfuge to defeat the plaintiff's claim to commission. In the absence of proof on such issues, the record disclosed that the sale of the plant later made was not a sale either by the Mississippi Home Telephone Company or a sale of its plant. The mere fact that this purchaser at such subsequent sale insisted that the deed from the individual purchasers should be accompanied by a ratification of the judicial sale by the corporate action of stockholders of the bankrupt company was a customary safeguarding of the title actually conveyed by the deed of the individuals who had bought the plant against any subsequent claim based on the theory that the sellers, and therefore the purchasers, were accountable in any way, to the stockholders.

Such being the effect of the proofs, the court below was right in giving binding instructions for the defendant, for by the proofs, a situation had arisen which this court provided for when, in its opinion, it said:

"If the sale were bona fide, without such a purpose, the plaintiff would have to bear his own loss."

Reaffirming, therefore, our previous opinion, the judgment below is affirmed.