# MAY CONAWAY

## *vs.*

## STATE OF MARYLAND.

*Review on Appeal—Admissibility of Evidence—Insufficiency of Record.*

On a prosecution for abortion, in the absence from the record of part of the testimony as to the instruments used by defendant in connection with the crime, the action of the court in allowing a medical witness to testify as to the name of a certain instrument, on the assumption that an instrument of that character was used by defendant, is not a subject for review.                                             pp. 549, 550

In order to obtain a reversal on account of rulings in regard to the admission of evidence, appellant must include in the record all the evidence which relates to or could affect the ruling complained of.                                             p. 549

*Decided March 2nd, 1922.*

Appeal from the Criminal Court of Baltimore City (DOB-LER, J.).

Criminal proceeding against May Conaway. From a judgment of imprisonment, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Milton Dashiell,* submitting on brief, for the appellant.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *Robert F. Leach, Jr., State's Attorney for the City of Baltimore,* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

May Conaway was indicted, tried, and convicted of the crime of abortion, in the Criminal Court of Baltimore City, and sentenced to three years in the Maryland Penitentiary, and from that judgment she has taken this appeal.

In the course of the trial Dr. Street, a witness for the State, having testified that he had examined the woman upon whom an operation inducing the abortion had been performed and that she appeared to have had a "miscarriage or an abortion," was asked: "Would there have been any evidence or any marks that you could have seen when you saw the patient if an abortion had been produced by the use of a bougie?" and he replied: "Not necessarily." He was then shown an instrument of some kind and asked the question: "What is this instrument, Doctor? Are you familiar with it?" There was no objection to the question, and he answered: "I guess that you would call that a bougie, as far as I know. I don't—so far as I know, it is a bougie, but you could use it also as a catheter. It is an instrument I am not very familiar with." Counsel for the defendant then made this motion: "I ask that the answer be stricken out. I object to that and I ask the Court to rule out the answer, because I do not know what the object of my distinguished friend is in singling out one of many instruments here and asking him what it is and what the use of that is when it has not been shown, sir, I respectfully submit, which one was used in this case, whether it was one of the rubber ones or one of the metal ones, or what." The court overruled the motion, and at the same time stated that his recollection was that "the young woman had identified them," and he added that he understood that, while she had not identified the instrument shown the witness, the instrument used was one of the same kind. Then follows this exception: "Your Honor will kindly allow us an exception. Whereupon the traverser, by her counsel, objected to the question, which question the court overruled and allowed the witness to answer, to which

action of the court in overruling said objection and allowing the question to be answered, the defendant excepted." This is the first and only exception contained in the record, and the testimony to which we have referred is all the testimony contained in the record, although it appears that other testimony referring to the instruments used in connection with the crime was taken at the trial which is not before us.

In the absence of such testimony it is impossible for us to say that there was error in the ruling involved in the exception, or that if there was error that the appellant was injured by it.

The record does indicate that the woman upon whom the operation had been performed had testified as to the kind and character of the instruments used, but, as that evidence is not before us, we have no means of knowing whether or not it was sufficient to warrant the inference that the instrument shown the witness was actually used in the operation inducing the abortion.

Where this Court is asked to reverse a judgment on the ground that the trial court erred in its rulings in regard to the admission of evidence, it is the duty of the appellant to include in the record all the evidence taken at the trial which relates to or could affect the ruling complained of. "An appellate court, in deciding on an appeal, cannot travel beyond the record and recognize the existence of facts not therein set forth. *Mahoney* v. *Ashton,* 4 H. & McH. 295; *Bradstreet* v. *Potter,* 16 Pet. 317. The record should disclose the facts relevant to the ruling excepted to. An appellate tribunal has no other source of information, and, when a party invokes the interposition of this Court, on the ground that he has been aggrieved by an erroneous ruling, if he fails in a proper presentation of the questions involved in controversy, he has no just reason to complain if his efforts to obtain a reversal of an adverse decision prove to be abortive." *Dorbert* v. *State,* 68 Md. 211. And to the same effect is 4 C. J. 220, where it is said: "Where any facts essential to

show error are omitted from the bill of exceptions the Court will refuse to review the point excepted to, as the presumption is that the action of the trial court is correct."

If, as stated by the court in ruling upon the question, there was evidence in the case identifying or describing the instrument as one similar to those used in the operation, the question was relevant and the objection to it was properly overruled, and, therefore, such evidence was essential to any intelligent consideration of the objection, and, since the evidence is not before us, we cannot say that there was error in the ruling involved in this exception, but on the contrary we must assume that the court ruled correctly and in accordance with the evidence before it.

Finding no error in the ruling of the trial court, the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*