## LAND OBEROESTERREICH v. GUDE et al.
### No. 66.

Circuit Court of Appeals, Second Circuit.
Dec. 6, 1937.

Wachtell, Manheim & Grouf, of New York City (Meyer Grouf, of New York City, of counsel), for appellant.

A. Spotswood Campbell, of New York City (Karl T. Frederick and James A. Speer, both of New York City, of counsel), for appellees.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff formerly recovered a judgment against the defendants. This judgment was reversed on appeal and a new trial was ordered. The mandate of this court ordering a new trial awarded costs to the defendants in the sum of $834.42, and the order on the mandate entered in the District Court awarded additional costs of appeal in that court to the amount of $1,087.-88. This is an appeal by the plaintiff from the part of the order on the mandate which granted costs to the defendants in the District Court to the amount of $1,087.88. No question is raised as to the propriety of the allowance of the item of $834.42, which was the cost of printing the transcript of

the record on appeal. The additional costs taxed at $1,087.88 by the clerk of the District Court consisted of the following:

Premiums on bonds filed by the defendants to stay execution of plaintiff's judgment pending appeal            $1,082.38
Fee of Clerk of the District Court on filing petition for appeal      5.00
Fee of Clerk of District Court for certification of record on appeal     .50

                          $1,087.88

The costs of printing the transcript on appeal have by custom of long standing been taxed by the clerk of the Circuit Court of Appeals, as was done in the present case. On the other hand, the fees paid to the clerk of the District Court for filing the petition for the writ of error and for certification of the record have been taxed in the District Court. Berthold v. Burton, 169 F. 495 (C.C.). Under this practice the items of $5 and 50 cents were taxed by the clerk of the District Court and are not now questioned. These sums, as well as the item of $834.42, are clearly costs incurred in respect to the appeal, which, under settled federal procedure, do not abide the event of the trial but are taxable in favor of the party prevailing on the appeal and are payable on reversal of the judgment. Berthold v. Burton, 169 F. 495 (C.C.). The item of $1,082.38, which is the only one that is at present attacked, represents the cost of the supersedeas bond. We think this item was properly taxed as an expense of the appeal after the defendants had prevailed. Williams v. Sawyer Bros. (C.C.A.) 51 F.2d 1004, 81 A.L.R. 1527; The Hurstdale, 171 F. 607 (D.C.); Edison v. American Mutoscope Co., 117 F. 192 (C.C.).

It is argued that the premiums paid for obtaining the supersedeas bond should not have been taxed as appeal costs because they were not necessary items of the costs of appeal, for the reason that the appeal could have been perfected without such a bond. Of course, it is true that a supersedeas bond differs from the ordinary bond required to secure payment of costs, for the appeal is not regular without a bond for costs. But, as Judge Chase suggested in Williams v. Sawyer Bros. (C.C.A.) 51 F.2d 1004, 1006, 81 A.L.R. 1527, premiums reasonably required and paid to relieve property from attachment or execution cannot be regarded as "optional rather than necessary."

It was the erroneous judgment obtained by the plaintiff that made it necessary for the defendants to obtain a supersedeas or run the risk of having the judgment collected by the plaintiff. We think defendants ought not to be required to run the risk of making such a payment and seeking a refund if the judgment should later be held to have been erroneously rendered. In other words, the premiums ought to be regarded as a reasonably necessary expense of the appeal. If so, they stand in the same position as the other items of costs which have been taxed in the case at bar and are not questioned. They do not abide the event like other costs unconnected with the appeal, but are presently taxable and payable after the order of reversal. Jennings v. Burton (C.C.) 177 F. 603.

Order affirmed.