Before L. HAND, Chief Judge and CHASE and FRANK, Circuit Judges.

**BROFFE v. HORTON.**

**No. 118, Docket No. 21161.**

United States Court of Appeals, Second Circuit.

March 23, 1949.

PER CURIAM.

The rules of the Supreme Court have provided for more than a hundred years[1] that in case of reversal, costs shall be allowed "unless otherwise ordered by the court." That is now embodied in Rule 32(3) of the rules of that court, 28 U.S.C.A.; and our own Rule 30(2) is even stronger: "costs, so far as taxable, shall be allowed *as of course* to the prevailing party unless the course otherwise directs." No doubt that allows exceptions, but from the beginning in 1891 it has been the unbroken practice at least in this circuit, so far as we know, or can learn from the clerk's office, never to allow "costs to abide the event" in case of reversal;[2] and we gather that that is the rule elsewhere.[3]

[1] Bradstreet v. Potter, 16 Pet. 317, 10 L.Ed. 978.

[2] Land Oberoesterreich v. Gude, 2 Cir., 93 F.2d 292; Berthold v. Burton, C.C.,

169 F. 495 (Lacombe, J.); Jennings v. Burton, C.C., 177 F. 603 (Lacombe, J.).

[3] Bailey v. Mississippi Home Telephone Co., D.C., 254 F. 358.

566

The only exception we can find is United States v. Beaty[4] in which in 1847 Justice Daniel and Johnson, D. J., awarded "costs [to] abide the event," because "it was the error of the court" which had rendered a new trial necessary.

■ We regard our local practice as an almost conclusive gloss upon the rule; nor can we see that it makes any difference whether the error was one of the court or not, provided it is the appellee who has induced the court to make it; for, as between him and the appellant, justice demands that he, who has been the cause of the expense, shall pay for it. It is never wise to lay down a draconic rule, and conceivably there may be situations in which the appellee has been as much the victim of the court as the appellant; but they will be exceedingly rare. At any rate, the case at bar is not one of these. It is true that the judge prepared his own findings, but there was nothing in the record to support a finding that Horton intended to give part of the shares to his wife before Broffe had committed himself to the sale.

Petition denied.