UNITED STATES of America f/u/b/o
Dan C. MARINO, dba Dan C.
Marino, Plaintiff,

v.

ARTHUR N. OLIVE CO., Inc.,
and
New Amsterdam Casualty Company,
Defendants.

Civ. A. No. 60-26-C.

United States District Court
D. Massachusetts.

April 12, 1962.

Philip D. Epstein, Boston, Mass., for plaintiff.

Charles E. Gennert, Herbert L. Crimlisk, Samuel H. Cohen, Boston, Mass., for defendants.

CAFFREY, District Judge.

This is an action under the Miller Act. After a protracted jury trial plaintiff recovered a judgment in the amount of $30,633.17, with interest of $4,441.82.

Upon appeal the amended judgment was vacated as to Paragraphs 1 and 2, the verdict was set aside as to the award of damages in Paragraphs 1 and 2, and

the case remanded to this Court for a new trial restricted exclusively to the amount of damages properly recoverable. Paragraph 3 of the amended judgment, dismissing defendants' counterclaim, was affirmed. The mandate of the Court of Appeals awarded costs on appeal to defendant-appellants in the amount of $284.75.

Thereafter, the defendant-appellant filed a Bill of Costs in the amount of $1271.30 which was allowed by the Clerk in the amount of $1251.30. Plaintiff-appellee then moved to set aside the costs as taxed by the Clerk. In this six-part motion plaintiff-appellee asserts that defendant-appellant was not the prevailing party (Paragraphs 1 and 3), and that in any event as a matter of discretion should not be awarded costs even if the prevailing party (Paragraph 2); that the transcript ordered from the Official Court Reporter was "excessive as to the amount of the transcript used in the appeal;" that the Bonding Company, which was a defendant-appellant, did not order the transcript; and that the premium on the supersedeas bond is an excessive charge.

■ With regard to points 1 and 3, that the bonding company, New Amsterdam Casualty Company, defendant-appellant, is not the prevailing party in this litigation, the short answer is that it *was* the prevailing party, it succeeded in vacating a judgment against it in the amount of approximately $35,000 and, more importantly, was treated by the Court of Appeals as the prevailing party since the mandate of that Court awarded it costs. See Rule 33, Rules of the United States Court of Appeals for the First Circuit, 28 U.S.C.A.

■ As to the second point, the mandate directs payment of costs on appeal, thus taking costs on appeal outside the area of discretion.

■ As to the fourth point, that the transcript was excessive as to the amount used in the appeal, I find no merit in this contention. Appellant ordered transcript of about 4 or 5 days testimony out of a total of 32 days. Appellant referred to 30 different pages of the record in its Record Appendix. Appellee referred to 54 pages in its Record Appendix. If appellant had not purchased the transcript it would not have been available to either party since appellee did not purchase any portion thereof. The relatively small portion of the transcript ordered by defendant-appellant cannot be ruled excessive.

■ As to the fifth point, that New Amsterdam Casualty Company did not order the transcript, suffice it to say that it was the defendant-appellant ultimately financially responsible for the judgment in its capacity as surety for the other defendant-appellant, Arthur N. Olive Company, Inc., and it, in fact, paid for the transcript used, as appears from the receipt signed by Edward J. Grace, Official Court Reporter, filed herein, acknowledging payment by the bonding company.

■ As to plaintiff's sixth point, namely, that the supersedeas bond premium is excessive, the sad truth is that despite the fact that defendant-appellant, a bonding company, was a party to this litigation as surety for Arthur N. Olive Company, counsel for plaintiff-appellee insisted upon the filing of a supersedeas bond by defendant-appellants, thus bonding the bonding company, and moreover, on May 22, 1961, after the bond was filed, counsel for plaintiff-appellee sought an increase in the amount of the supersedeas bond, based upon his complaint that the face amount of the supersedeas bond only slightly exceeded the face amount of the judgment. There has been no showing that the premium billed was unfair or unusual or anything out of the ordinary for a bond of this denomination. Plaintiff-appellee got what he asked for.

The motion to set aside the Bill of Costs is denied and Execution for costs may issue. See Land Oberoesterreich v.

Gude, 2 Cir., 93 F.2d 292; Bankers Securities Corp. v. Ritz Carlton Restaurant & Hotel Company, 3 Cir., 99 F.2d 51; Broffe v. Horton, 2 Cir., 173 F.2d 565.