MARYLAND CASUALTY COMPANY,
Plaintiff,

v.

Joseph P. JACOBSON, Defendant.

No. 12345-1.

United States District Court
W. D. Missouri, W. D.

June 11, 1965.

Rodger J. Walsh, Kansas City, Mo., for plaintiff.

John M. Cleary, Kansas City, Mo., for defendant.

JOHN W. OLIVER, District Judge.

Our earlier action sustaining plaintiff's motion for summary judgment was reversed by the Court of Appeals in Jacobson v. Maryland Casualty Company, 8th Cir. 1964, 336 F.2d 72, cert. denied 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558, for reasons there stated.

The Court of Appeals held that the pretrial procedures followed by this Court did "not justify the trial court in refusing [defendant] his day in court, particularly on the issue of his affirmative defense, as well as as any other issue not shown by the record to be a sham, frivolous or so unsubstantial that a trial would obviously be futile."

In compliance with the portion of the mandate of the Court of Appeals remanding this case for further proceedings not inconsistent with its opinion, we afforded the defendant the day in court that our controlling court held had been refused him. Defendant elected not to use that day any differently than he used the other days he has spent in our Court. The defendant did cross-examine the witnesses called by the plaintiff to re-establish its prima facie case on remand but

he called no witnesses of his own and introduced no evidence whatever.[1]

During the course of the trial on remand we required that plaintiff made available to counsel for the defendant its entire office file of any and all matters connected with plaintiff's cause of action in order to afford defendant's counsel an additional "opportunity to examine them [all of plaintiff's office files] to see whether or not he can ferret out any affirmative defense from those records."

Defendant's counsel was given a two week period after the close of the trial on remand within which to accomplish that task. Defendant's counsel reported to the Court at the end of that period that he had made a full examination of all of plaintiff's records and that he still did not have any defense to plaintiff's cause of action and that he had found no evidence in plaintiff's files to support any alleged affirmative defense.

■ The judgment heretofore entered on plaintiff's motion for summary judgment in accordance with our earlier pretrial procedures will again be entered because we believe the procedures we have followed on remand have been consistent with the mandate of our controlling Court.

A real dispute between the parties, however, has been created by that portion of the mandate of the Court of Appeals that taxed appellate costs against the plaintiff on the appeal. We turn now to that question.

The last part of the Court of Appeals' mandate provided that:

And it is further Ordered by this Court that Joseph P. Jacobson have and recover against Maryland Casualty Company the sum of Three Hundred, Seventy-six and 62/100—Dollars for its costs in this behalf expended and have execution therefor.

Shortly before the date we set this case for the trial on remand, plaintiff filed a motion for a stay of proceedings to enforce the quoted portion of the Court of Appeals' mandate. Conferences between the Court and counsel for both parties had revealed (a) that defendant still did not have any known defense to plaintiff's cause of action;[2] and (b) that plaintiff's counsel was personally obligated to E. L. Mendenhall Brief Printing Company for the cost of printing the record on appeal.[3]

As a result of those conferences, the parties agreed that each would write the Clerk of the Court of Appeals to ascertain whether the $376.62 costs taxed by

1. The transcript of the trial on remand shows the following question and answer directed by the Court to counsel for the defendant:

THE COURT: Let me ask you if you have any evidence that you would wish to adduce in connection with the presentation of any alleged defenses in regard to Mr. Jacobson's case? The Court of Appeals indicated that they felt that Mr. Jacobson had been denied his day in this court, and I want to make certain that he has his day in this court, and that it appear of record that full opportunity has been given him, * * * Now, do you have any evidence at all to introduce here today?

MR. CLEARY [counsel for the defendant]: I have no evidence to introduce today, Your Honor.

2. As is apparent from footnote 2 of the Court of Appeals opinion, this was not the first time that defendant had advised this Court that there never has been any real dispute about the facts of this case and that the alleged affirmative defense as pleaded by the defendant was only a "paper" defense.

3. That fact, and the further fact that defendant's counsel advised us in his most recent brief that defendant lives in Canada and that defendant's counsel "has not been able to get him to respond to correspondence or telephone calls in his efforts to be paid for said record on appeal (or even for other expenses)" are facts totally without significance in regard to the determination of the question relating to costs that has arisen since the remand of this case from the Court of Appeals.

the Court of Appeals should or should not be offset against the judgment that both parties acknowledged should again be entered for the plaintiff.

Counsel for the defendant wrote the Clerk of the Court of Appeals and requested that an execution be issued by that Court. In his letter, defendant's counsel stated that: "It is apparent that in all probability the Maryland Casualty Company will obtain a judgment for more than the amount of the costs" and added that "the request for an execution is made in order to determine whether such execution can be obtained before a final judgment in the case."

Counsel for the plaintiff stated in his letter that:

The question involved in this matter is whether Maryland Casualty Company should pay Joseph P. Jacobson the sum of $376.62 under your court's mandate before the District Court enters a final judgment, after trial, against Jacobson for Maryland in excess of these costs, or whether the District Court can set off the sum of $376.62 against the prospective judgment in Maryland's favor against Jacobson.

I am of the opinion that the cost mandate of this Court can be used as a set-off in the judgment against Jacobson or it can be a partial satisfaction of the judgment. * * *

\* \* \* \* \* \*

I therefore respectfully request a stay of execution in this matter until the District Court enters a final judgment under Rule 54.

The Clerk of the Court of Appeals replied to both letters as follows:

These two letters have been distributed to the panel of judges before whom this appeal was submitted and I have been directed to write you as follows: The mandate of this Court in which we provided for taxation of costs in the District Court was in our usual form and in accord with our regular practice. This Court has no process to enforce execution as does the District Court and the Court declines to issue execution as requested by Mr. Cleary [counsel for the defendant].

The fact that the Court of Appeals refused defendant's request for execution and the fact that it also refused plaintiff's request for a stay of execution left the question for our determination. We requested authorities from both sides.

Plaintiff now relies upon Rule 54(b) of the Rules of Civil Procedure, although he based his original motion for a stay on Rule 62 of those Rules. Neither of those Rules, in our judgment, touch the question. Nor were the cases cited by defendant, in our judgment, close to the point; they need not be discussed.

Independent research, however, has convinced us that plaintiff's motion to stay execution should be denied and that the costs taxed by the Court of Appeals should be paid defendant in spite of the fact that plaintiff may never be able to collect a single cent of its judgment.[4]

The point of beginning is the recognition of the duty of this Court to follow the mandate of our Court of Appeals. The following language of Judge Sanborn from Thornton v. Carter, 8th Cir. 1940, 109 F.2d 316, 319, was

---

4. Plaintiff argues in its last brief that "it is unfortunate that defendant's counsel owes the printer but the Court of Appeals' mandate was not in favor of the defendant's counsel and in all equity the plaintiff should not have to expend more money for defendant's benefit than it has already." Plaintiff added: "That de- fendant's counsel cannot collect from his own client for his fees and expenses augers a dim future for plaintiff in ever collecting on its own judgment." Those arguments are as irrelevant as the argument made by the defendant that we noted in footnote 3.

most recently quoted with approval in Paull v. Archer-Daniels-Midland Company, 8th Cir. 1963, 313 F.2d 612, 617:

"When a case has been decided by this court on appeal and remanded to the District Court, every question which was before this court and disposed of by its decree is finally settled and determined. The District Court is bound by the decree and must carry it into execution according to the mandate. It cannot alter it, examine it except for purposes of execution, or give any further or other relief or review it for apparent error with respect to any question decided on appeal, and can only enter a judgment or decree in strict compliance with the opinion and mandate."

In dealing with questions relating to the entry of judgment and the taxation of costs, recognition must also be made of the fact that neither the applicable statute (28 U.S.C.A. § 1920), the rules of various courts (Rule 17 of the Rules of the Court of Appeals for the Eighth Circuit and Local Rule 4 of this Court) nor the rules of decision announced in the few cases that discuss questions of taxation of costs are phrased with what Mr. Justice Frankfurter in Commissioner of Internal Revenue v. Estate of Bedford, 325 U.S. 283, 287, 65 S.Ct. 1157, 89 L.Ed. 1611 (1945),[5] called a "fastidious precision" of language.

■ It is clear, however, that the Rules of Civil Procedure now expressly recognize that the entry of a judgment and the taxation of costs are entirely separate legal acts. The failure to make express recognition of that proposition prompted an amendment to Rule 58 in the year 1946 by the addition of a sentence in that rule that "[the] entry of the judgment shall not be delayed for the taxing of costs." That added sentence in the 1946 amendment was carried over in its entirety when present Rule 58 was amended in 1963.

As the cases cited by the Advisory Committee on Rules in support of the 1946 amendment imply, and as the cases to which we shall call attention hold, courts that have been called upon to pass upon questions of costs have consistently recognized that questions relating to the taxation of costs, particularly to the taxation of costs by an appellate court, are not to be confused with questions that relate to the merits of an appeal or with questions that relate to the validity or invalidity of an actual judgment rendered by the trial court.

For a collection of the cases that relate to "the award of costs by appellate court as affected by subsequent proceedings or course of action in the lower court," see the annotation under that title in 116 A.L.R. 1152.

The Federal cases are clear and consistent. The leading case in the federal courts was decided by Judge and later Justice Lurton. It is Scatcherd v. Love, 6 Cir. 1908, 166 F. 53.

The first trial in that case resulted in a verdict for the defendant. The plaintiff was successful in the first appeal. Appellate costs were therefore taxed against defendant. After remand the case was settled and the trial court taxed the appellate costs, together with other costs, against the defendant. Judge Lurton held that the "[c]osts paid by plaintiff * * * in obtaining a review, are costs which the plaintiff is entitled to recover" (l. c. 56 of 166 F.). He held that "[t]his is true * * * for the * * * reason that the costs of the former writ of error were adjudged by this court [i. e. the Court of Appeals] against the defendant * * * and the judgment was made the judgment of the

<hr>

5. The paucity of reported cases that relate to the taxation of costs, both in the trial and the appellate courts is undoubtedly due to the fact that, except under unusual circumstances, the taxation of costs is not an appealable order. In order to afford plaintiff the opportunity to appeal our ruling on the taxation of costs question we are including that ruling in our final judgment.

court below" (1. c. 57 of 166 F.). That case emphasized that "[t]his judgment [for appellate costs made by the appellate court] was beyond the control of the court below, regardless of the final result of the case" (1. c. 57 of 166 F.).

The cases of Berthold v. Burton, S.D. N.Y.1909, 169 F. 495, and Jennings v. Burton, S.D.N.Y.1910, 177 F. 603, presented a situation not dissimilar from the present posture of this case.

In that case plaintiffs recovered a judgment on the first trial. That judgment was reversed by the Court of Appeals and costs of appeal were taxed by the appellate court against the plaintiff. Those costs were then paid. Plaintiff, as plaintiff in this case, was also successful in the second trial but, in connection with the taxation of costs after the second trial, he sought to have allowed his payment of the appellate costs as a "disbursement" and therefore included as a part of the costs taxed after the second trial the money he had paid for the costs taxed against him in the appellate court in connection with the successful appeal of the first trial.

Plaintiff's request was denied because the court held that "to allow reimbursement in the way suggested would practically be to annul its [the Court of Appeals] decision."

Should we allow plaintiff in this case to offset the amount of appellate costs taxed against it by the Court of Appeals, we would, as a practical matter, prevent defendant from recovering the costs taxed by the Court of Appeals and would in effect annul that action taken by our controlling court. Cf. Parkerson v. Borst, 5th Cir. 1919, 256 F. 827, 828, and Miller v. C. C. Hartwell Co., 5th Cir. 1921, 271 F. 385, 389–390.

The two Burton cases cited above were followed in Land Oberoesterreich v. Gude, 2nd Cir. 1937, 93 F.2d 292, 293, and in Broffe v. Horton, 2nd Cir. 1949, 173 F.2d 565. The Broffe case, in turn, was followed most recently in Stearns v. Tinker & Rasor, 9th Cir. 1958, 252 F.2d 589, 606.

We shall follow this line of cases. Final judgment will therefore be entered in favor of the plaintiff on the merits. That judgment will include a provision that will order execution in favor of defendant for the $376.62 costs taxed in defendant's favor by the Court of Appeals unless plaintiff voluntarily makes that payment within ten (10) days.