**CONWAY GROVES, INC., a Florida corporation, Melvin H. Franzen, Vaughn L. Luten, Ormund Powers, Michael A. Stoner, Plaintiffs,**

v.

**COOPERS & LYBRAND, a partnership, Defendant.**

**No. 89–371–Civ–Orl–19.**

United States District Court, M.D. Florida, Orlando Division.

Nov. 15, 1994.

Richard D. Connor, Jr., Richard H. Adams, Jr., Pleus, Adams, David & Spears, P.A., Orlando, FL, for Conway Groves, Melvin H. Franzen, Vaughn L. Luten, Karl D. Hedin, Ormund Powers, Michael A. Stoner.

John G. Pierce, Orlando, FL, for Zolltan A. Antony, Victor Bolstein, Lynne Bolstein.

Eurich Z. Griffin, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, PA, Tampa, FL, for Coopers & Lybrand, Gerald Donald Friedman.

Jerome Tremont, pro se.

## REPORT & RECOMMENDATION

BAKER, United States Magistrate Judge.

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on plaintiffs' Bill of Costs (Doc. No. 139), defendant's Motion for Costs (Doc. No. 140, 143), and plaintiffs' Opposition to Defendant's Motion for Costs (Doc. No. 141). Defendant Coopers & Lybrand had appealed a judgment awarded to plaintiffs Conway Groves, Inc., Melvin Franzen, Vaughn Luten, Ormond Powers, and Michael Stoner in an accounting negligence case (and plaintiffs had cross-appealed). In reviewing this court's decision, the Eleventh Circuit affirmed it in part, vacated it in part, and remanded the case to the District Court for the Middle District of Florida. Thereon, the undersigned respectfully recommends that the motions for costs be **DENIED**.

On July 6, 1994, the Eleventh Circuit entered an opinion affirming in part, vacating in part, and remanding the decision of the District Court for the Middle District of Florida in this case, 28 F.3d 116 (Table). In its September 12, 1994 mandate, the Circuit Court ordered the plaintiffs and the defendant each to "pay fifty percent of the costs on appeal to be taxed by the Clerk of this Court." (Doc. No. 136). Both plaintiffs and defendant submitted bills to the District Court for costs governed by Federal Rule of Appellate Procedure 39(e); plaintiffs submitted a bill for $105 for the cost of filing a notice of appeal, defendant filed a bill for $16,951 for the cost of preparation of the record, premiums paid on the supersedeas bond, and the cost of filing a notice of appeal. Notwithstanding submission of their own bill of costs, plaintiffs argue that the Eleventh Circuit's distribution of costs applies only to those costs on appeal which may be taxed by the Clerk of the Circuit Court. Defendant claims that the Eleventh Circuit's distribution of costs applies to all costs ordinarily taxable for an appeal.

Federal Rule of Appellate Procedure 39 governs the award of costs incurred upon appeal. Rule 39(a) prescribes who will be charged with costs (unless otherwise ordered): against the appellant if the decision is affirmed, against the appellee if the judgment is reversed, and "if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court." Fed.R.App.P. 39(a). Because this case was affirmed in part and vacated in part, costs other than those ordered by the Circuit Court cannot not be taxed by or against either party.

Under Rule 39, the Circuit Court has wide discretion to order the taxation of costs on appeal. Fed.R.App.P. 39(a); *see also* 28 U.S.C. § 1920 (1988). However, if the Circuit Court makes no such allocation, the District Court does not have the authority to deviate from the allocation of costs prescribed by Rule 39(a). *United States v. Arthur N. Olive Co.*, 30 F.R.D. 139 (D.Mass. 1962); *Haroco, Inc. v. American Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1440 (7th Cir. 1994). In ordering allocation of costs in this

case, the Eleventh Circuit referred specifically to "the costs on appeal to be taxed by the Clerk of this Court," not all costs on appeal. The inclusion of the specific condition of taxation by the "Clerk of *this* Court" does not authorize either party to tax costs elsewhere. *Graham v. Milky Way Barges, Inc.*, 122 F.R.D. 18, 20 (E.D.La.1988). Therefore, only those costs on appeal to be taxed by the Circuit Court will be split evenly between the parties.

Defendant cites a not-officially reported, two judge, *per curiam* opinion from the Fifth Circuit as contrary authority. That opinion is unpersuasive and not binding here. The Court in *First Small Business Investment Co. v. Butler Binion Rice & Knapp*, 1991 WL 182578 (5th Cir.1991), reasoned that its similarly worded mandate *did not limit* costs taxable in the district court. This misses the point in a partial affirmance case. Unlike a straight affirmance or reversal, costs (wherever taxed) are not taxable unless expressly limited; they are taxable only when expressly allowed.

Rule 39 divides the costs of appeal into two categories. Rule 39(c) governs the costs of briefs, appendices, and copies of records, which are regulated and taxed by the Clerk of the Circuit Court. Fed.R.App.P. 39(c). Those costs indisputably fall within the ambit of the Court's order and should therefore be shared evenly, if timely taxed in the Court of Appeals.

Rule 39(e) provides:

> Costs incurred in the preparation and transmission of the record, the cost of the reporter's transcript, if necessary for the determination of the appeal, the premiums paid for the cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule.

Fed.R.App.P. 39(e). Unlike the costs under Rule 39(c), which are taxed by the clerk of the circuit court, costs under Rule 39(e) are taxed by the clerk of the district court. Those costs were not allocated according to the language of the Court's order, and there-fore should be assessed as determined by Rule 39(a).

A second, less plausible, reading for the mandate would be to treat it as authority to the Clerk of the Circuit Court to tax all appeal costs, including those ordinarily taxable in the district court under Rule 39(c). There is no reason to suppose that the court meant to override the rules *sub silentio*. Even this interpretation would little avail Defendant because it would still not authorize *this Court* to tax any appeal costs.

Defendant's proposed reading of the mandate as dividing responsibility for all appeal costs would give no meaning or effect to the words "to be taxed by the Clerk of this Court." Had those words been omitted from the mandate, this Court would have been authorized to tax the Rule 39(c) costs. However, there is no reason to suppose that the Court of Appeals intended those words to be meaningless or that it failed to appreciate the difference in taxation of the various appeal costs.

In allocating the costs on appeal, the Circuit Court addressed only those costs to be taxed by the Clerk of that Court. The Court was silent upon those costs taxed by the Clerk of the District Court, those governed by Rule 39(e). Because Rule 39(a) vests the discretion to allocate costs in the Circuit Court, the District Court must otherwise apply the default allocation of Rule 39(a). This Court may neither ignore nor expand the Circuit Court's mandate. The undersigned therefore respectfully recommends that the motions for costs (Doc. No. 139, 140, 142, 143, 144) be **DENIED** and the costs on appeal be borne by the party incurring them.

Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within ten (10) days of its filing shall bar the aggrieved party from attacking the factual findings on appeal.