10 U.S. 183
 6 Cranch 183
 3 L.Ed. 193
 M'KNIGHT
v.
CRAIG'S ADMINISTRATOR.
 February Term, 1810
 
 1
 ERROR to the circuit court for the district of Columbia, sitting at Alexandria, in an action of debt upon a judgment and devastavit, brought by M'Knight against Craig, as executor of Mitchell.
 
 
 2
 After an office judgment by default against Craig, and a writ of inquiry awarded in November, 1807, at the rules, Craig died. At the July term, 1808, his death was suggested, and a scire facias awarded against I. G. Ladd, his administrator. At the July term, 1809, (being the fourth term after the office judgment,) Ladd appeared by his attorney, and offered to plead a special plea of plene administravit, by himself, as administrator of Craig, to which the plaintiff objected, but the court overruled the objection, and admitted the plea to be filed.
 
 
 3
 The substance of the plea was, that Craig had made a deed of trust of certain real estate to secure Ladd for his endorsements for Craig at the bank, by which deed Craig covenanted to indemnify Ladd. That Ladd had endorsed the notes of Craig to the amount of 8,000 dollars, which were discounted at the bank, and continued the endorsements to the time of Craig's death. That the bank had recovered judgment against Ladd as endorsor of some of those notes to the amount of 6,009 dollars, and that Ladd had paid other of the said notes to the amount of 3,174 dollars, to avoid being compelled by suit to pay the same. That the estate, mentioned in the deed of trust, having been sold, produced only 4,095 dollars, whereby the estate of Craig became indebted to Ladd in the sum of 5,138 dollars, and so much of the estate of Craig is liable to be retained by Ladd in satisfaction.
 
 
 4
 That Craig was bound to several other creditors by specialties in large sums, amounting to 10,000 dollars, and suits thereupon have been brought against Ladd, and are now pending; that he has in his hands personal estate of Craig to the amount of 960 dollars only, which is liable to be retained by him in satisfaction of the damage he has sustained by his endorsements for Craig, by virtue of the covenant for his indemnification, and to pay the specialty creditors aforesaid.
 
 
 5
 To this plea the plaintiff replied the office judgment and writ of inquiry awarded against Craig in his life-time in this suit; the subsequent death of Craig, and the scire facias against Ladd, as his administrator, returnable to November term, 1808.
 
 
 6
 The defendant rejoined that Craig died on the ___ day of _____, in the year 1807.
 
 
 7
 To this rejoinder the plaintiff demurred, and as signed as cause of demurrer, that the rejoinder is no answer to the replication, and is a departure from the plea.
 
 
 8
 The court below being of opinion that the plea was good, and the replication bad, rendered judgment upon the demurrer for the defendant.
 
 
 9
 The plaintiff sued out his writ of error.
 
 
 10
 E. J. Lee, for the plaintiff in error, contended,
 
 
 11
 1. That the office judgment against Craig in his life-time, is a debt superior in dignity to the debts stated in the plea; and,
 
 
 12
 2. That the defendant, coming in upon scire facias, can only plead such plea as his intestate could have pleaded.
 
 
 13
 1. The office judgment was regularly obtained agreeably to the act of assembly of Virginia, P. P. 80. § 36. And according to the forty-second section of the same act, it became final after the next succeeding court, it not having then been set aside. It being an action of debt, the judgment was not interlocutory, but final. 3 Bl. Com. 395. 1 Tidd, 508. Being a final judgment in the life-time of Craig, it is entitled to a priority of payment before specialty debts.
 
 
 14
 2. But if it was only an interlocutory judgment, yet the defendant, upon the scire facias, could plead nothing but what the intestate could have pleaded.
 
 
 15
 The act of assembly of Virginia, P. P. 110. § 20. is copied almost verbatim from the English statute of 8 and 9 W. III. c. 11. and is in these words:
 
 
 16
 'And if the defendant die after such interlocutory judgment, and before final judgment, such action shall not abate, if the same were originally maintainable against the executors or administrators of such defendant, but the plaintiff shall and may have a scire facias against his executors or administrators to show cause why damages in such action should not be assessed and recovered by the plaintiff, and if such executors or administrators shall appear at the return of such writ, and not show or allege any matters sufficient to arrest the final judgment, &c. a writ of inquiry of damages shall thereupon be awarded, which being executed, judgment final shall be given for the said plaintiff,' &c.
 
 
 17
 After such interlocutory judgment the intestate could only allege matter in arrest of judgment, and his administrator can only do the same.
 
 
 18
 Upon this point the case of Smith v. Harmon, 6 Mod. 142. and 1 Salk. 315. is decisive.
 
 
 19
 Swann, contra.
 
 
 20
 An office judgment in Virginia is a very different thing from an interlocutory judgment in England. It may be set aside, as a matter of right, by the defendant at the next succeeding court, and he may plead any matter whatever in the same manner as if no such judgment had been rendered. And by the long established practice of Virginia, he may set it aside at any subsequent term, by pleading an issuable plea to the merits. It is not true, therefore, that Craig could only have alleged matter in arrest of judgment. He might have pleaded any thing that went to show that the plaintiff ought not to recover judgment against him.
 
 
 21
 Upon the death of the defendant, and the appearance of his administrator, it becomes a new suit, and the administrator ought to be permitted to plead and thing that goes to show that the plaintiff ought not to recover judgment against him.
 
 
 22
 A debt founded upon a devastavit is not of so high dignity as a debt upon specialty. It is in nature of damages for a tort. It is a claim depending upon proof of matter of fact in pais.
 
 February 19.
 
 23
 MARSHALL, Ch. J. delivered the opinion of the court to the following effect.
 
 
 24
 The act of assembly of Virginia, is copied almost literally from the English statute of 8 and 9 W, III. c. 11. The case in 6 Mod. is a decision expressly upon that statute, and is precisely in point, that the defendant upon the scire facias can only plead what the intestate could have pleaded; and that it is not to be considered as a proceeding against the representative of the deceased, but a continuance of the original action.
 
 
 25
 The plea is such as could not have been pleaded in the original action, and is therefore bad.
 
 
 26
 The judgment must be reversed, and the cause remanded for the defendant to plead to the original action, if he should think proper.*
 
 
 27
 To a question by E. J. Lee, the Chief Justice answered, that if the plaintiff in error should obtain a judgment in the court below, it will of course be with costs. So in all cases of reversal, if this court direct the court below to enter judgment for the plaintiff in error, the court below will, of course, enter the judgment with the costs of that court.
 
 
 
 *
 The court below considered this case as coming within the act of congress, vol 1. p 71. § 31 passed 24th September, 1789, which authorizes the court 'to render judgment for or against the executor or administrator, as the case may require.' It does not appear whether that act was taken into consideration by this court.