FIRST NAT. BANK OF ATLANTA et al. v.
SOUTHERN COTTON OIL CO. et al.

LAWTON & CUNNINGHAM v. FIRST NAT.
BANK OF ATLANTA et al.

No. 8057.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1936.

Furman Smith, of Macon, Ga., Francis M. Oliver, of Savannah, Ga., and E. W. Jordan, of Sandersville, Ga., for appellants and cross-appellees First Nat. Bank of Atlanta et al.

T. M. Cunningham, of Savannah, Ga., for appellees Southern Cotton Oil Co. et al. and cross-appellants Lawton & Cunningham.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

This is the third time appellants have been here in this case. The first appeal [1] was from an order appointing receivers. The second,[2] was from a decree entered June 30, 1934, subordinating appellants' liens as noteholders to the liens of appellee and others who had furnished supplies. The first appeal went against appellants; the second appeal went for them. This appeal is from the denial of their motion to tax against the Southern Cotton Oil Company, the losing plaintiff who had brought the bill, the costs and expenses of the long drawn out litigation, including master's fees, receivers' fees, and attorneys' fees amounting to over $16,000, and the court costs. By cross-appeal the attorneys for plaintiff complain, as inadequate, of the $500 allowed them for filing the bill.

The District Judge thought that the reversal on the second appeal of the June 30th

[1] Williams v. Southern Cotton Oil Co., 45 F.(2d) 387.

[2] First Nat. Bank v. Southern Cotton Oil Co., 78 F.(2d) 339.

decree had left in effect its provision taxing the costs and expenses against the fund in the hands of the receivers. He therefore held that "there is nothing now before the court except the matter of fixing the amount of said costs and expenses now due and payable from said fund and that the motion of the noteholders to tax the costs and expenses against the plaintiff be and the same is hereby denied."

Appellants insist that the effect of this denial is to put upon them unjustly all the costs and expenses of the litigation provoked by plaintiff-appellee, leaving it to go scot free. They particularly urge that there was error in flatly denying their motion on the ground that the prior decree had already determined the matter against them. They insist that this was error, both because there was a complete reversal of that decree in their favor, and because the general provision of the decree for taxing costs incurred, and to be incurred, against the fund was not an adjudication between the parties as to which should ultimately bear them.

Appellees insist that the motion to retax was correctly denied, and the order denying it should be affirmed, for the reason the District Judge gave. They urge further that it would be inequitable to tax any of the costs against appellees because the suit was brought in good faith, was within the jurisdiction of the court, and the receivership was a proper and necessary one.

Cross-appellants, pointing to the arduous and long drawn out character of the litigation and the amount involved in it, urge upon us that the court should have allowed them not $500, but $2,500, as a fee for filing plaintiff's bill.

We find it unnecessary to consider cross-appellants' complaint of inadequacy, for we think it plain that no fee should have been allowed against the fund. Because of the admitted insufficiency of the fund to satisfy either class of claimants in full, the nature of the proceedings was adversary from the beginning. The only question in the case being one of priorities, it was not only insisted, but understood, by all, that ultimately the fund in controversy must be awarded to one class of creditors in complete exclusion of the other, to plaintiff and the other supply claimants on the one hand, or to appellants, the noteholders, on the other. Appellants having ultimately prevailed, attorneys' fees may not be justly awarded plaintiff out of appellants' fund. Hobbs v. McLean, 117 U.S. 567, 6 S.Ct. 870, 29 L.Ed. 940; Lamar v. Hall & Wimberly (C.C.A.) 129 F. 79; Huff v. Bidwell (C.C.A.) 195 F. 430; Brown v. Pennsylvania R. Co. (C.C.A.) 250 F. 513; Gillespie v. Piles Co. (C.C.A.) 178 F. 886, 44 L.R.A. (N.S.) 1; Standard Lumber Co. v. Interstate Trust & Banking Co. (C.C.A.) 82 F. (2d) 346.

Neither can we agree with appellees in either of their positions. We agree with appellants that the District Judge was in error in the view he took, that the provision in the June 30th decree ordering the costs and expenses to be paid out of the fund operated to preclude the hearing and determination, on equitable principles, of appellants' motion to tax these costs and expenses against the plaintiff. The provision in the decree ordering the sale of the property and the distribution of the fund arising from its sale "first to such costs and expenses as might thereafter be fixed by the court" did not purport to be, it was not, a final adjudication taxing the costs as between the parties. Made prospectively in a cause of which the court had jurisdiction, it properly made the fund to be realized from the sale, primarily liable for the disbursements and expenditures arising and to arise in the suit. It did not purport to, it did not, preclude a motion for ultimate taxation. Ferguson v. Dent (C.C.) 46 F. 88; In re T. E. Hill Co. (C.C.A.) 159 F. 73; Presidio Mining Co. v. Overton (C.C.A.) 286 F. 848; In re Independent Machine & Tool Co. (C.C.A.) 251 F. 484.

In addition, the complete reversal of the decree opened the whole matter of costs. Riddle & Co. v. Mandeville, 6 Cranch, 86, 3 L.Ed. 161; McKnight v. Craig, Adm'r, 6 Cranch, 183, 3 L.Ed. 193.

We agree with appellants, too, that the effect of the reversal establishing appellants' claim to the fund in complete exclusion of plaintiff and the other supply claimants was to entitle appellants as the prevailing, to an equitable taxation of costs against the losing, parties. Potts Son & Co. v. Cochrane (C.C.A.) 59 F.(2d) 375; Bank of Commerce & Trust Co. v. Hood (C.C.A.) 65 F.(2d) 281; American Engineering Co. v. Metropolitan By-Products Co. (C.C.A.) 280 F. 677; Beach v. Macon Grocery Co. (C.C.A.) 125 F. 513; Spencer v. Taylor Creek Ditch Co. (C.C.A.) 194 F. 635; MacGregor v. Johnson-Cowdin-Emmerich (C.

C.A.) 31 F.(2d) 270; Gillespie v. Piles Co. (C.C.A.) 178 F. 886, 44 L.R.A.(N.S.) 1.

■ The order appealed from will be reversed, and the cause remanded for the exercise by the District Judge of an equitable discretion in determining what of the costs incurred should be properly chargeable to plaintiff and the other intervening supply claimants. For we agree with appellees that those similarly situated with plaintiff as the losing parties, who came in and adopted plaintiff's bill and sought to participate in its benefits, should stand, in regard to such costs as may be taxed in favor of appellants, in like case with plaintiff.

■ Without undertaking to direct the exercise of its discretion, we think it proper to say that, in addition to the considerations adverted to in Potts Son & Co. v. Cochrane and Bank of Commerce v. Hood, supra, there are others which the District Court may well have in mind. These among others are that, though the plaintiff and the other supply claimants ultimately lost their suit, their claims were pressed in good faith, there was jurisdiction in the court to hear and consider them, and the appellants came into the court by bill to foreclose. There is also the question whether, if the receiver had not been appointed, appellants would have been able, until all questions of priorities had been determined in the suit, to dispose of the property, and would thus have had to incur costs and expenses in maintaining and keeping it up.

Reversed and remanded.