**DELTA AIR LINES, INC., Petitioner,**

v.

**CIVIL AERONAUTICS BOARD, Respondent,**

**Continental Air Lines, Inc., et al., Intervenors.**

No. 73–1377.*

United States Court of Appeals, District of Columbia Circuit.

On Motion for Disallowance of Bills of Costs

Decided Oct. 7, 1974.

* Consolidated with petitions to review the same order of the Civil Aeronautics Board filed by Braniff Airways, Inc., (No. 73–1387), by Texas International Airlines, Inc., (No. 73–1391), by Eastern Air Lines, Inc., (No. 73–1414), by National Airlines, Inc., (No. 73–1449) and by American Airlines, Inc., (No. 73–1498).

James W. Callison, Atlanta, Ga. and Robert Reed Gray, Washington, D. C., were on the motion for Delta Air Lines, for disallowance of intervenors bills of costs.

Herman F. Scheurer, Jr., and John J. McLaughlin, Washington, D. C., were on the opposition for The City of El Paso, El Paso Airport Bd. and El Paso Chamber of Commerce.

Cecil A. Beasley, Jr., and John C. Smuck, Washington, D. C., were on response to disallowance of intervenors' bills of costs, for The City of Houston, Texas, and the Houston Chamber of Commerce.

Before BAZELON, Chief Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

PER CURIAM:

Subsequent to our decision in Delta Air Lines, Inc. v. C. A. B., U.S.App.D.C., 497 F.2d 608 (1973), cert. denied, 417 U.S. 930, 94 S.Ct. 2640, 41 L.Ed.2d 233 (1974), which affirmed the Board's orders in the *Southern Tier Competitive Non-Stop Investigation (Houston-Miami Phase)*, the Board and intervenors on the Board's side filed bills of costs; petitioner Delta Air Lines, Inc. ("Delta") opposes those of the intervenors.[1] We deny Delta's motion for disallowance of intervenors' bills of costs.

Generally, costs on appeal are taxed in accordance with Rule 39, Fed. R.App.P., as statutorily authorized by 28 U.S.C. § 1920 (1970). However, situations inevitably arise in which the rule is not specifically dispositive, such as the case *sub judice*.[2] Rule 39(a), set forth in the margin,[3] essentially implements the long established practice of taxing costs in favor of the prevailing party, and conversely, against the losing party. *See, e. g.,* Saunders v. Washington Metropolitan Area Transit Authority, 164 U.S.App.D.C. ——, 505 F.2d 331 (1974) and cases cited therein. Beyond this, taxation of costs is a matter within the court's discretion.

1. Delta informs us that all other petitioners in Delta Air Lines, Inc. v. C.A.B., 162 U.S. App.D.C. 21, 497 F.2d 608 (1973), cert. denied, 417 U.S. 930, 94 S.Ct. 2640, 41 L.Ed.2d 233 (1974), concur in Delta's motion for disallowance of intervenors' bills of costs. Motion of Delta Air Lines, Inc. for Disallowance of Intervenors' Bills of Costs, at 1 n. 2.

2. *See also* Rule 15, General Rules, U.S.App. D.C. (1968).

3. Fed.R.App.P. 39(a) reads:

Except as otherwise provided by law, if an appeal is dismissed, costs shall be taxed against the appellant unless otherwise agreed by the parties or ordered by the court; if a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered; if a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered; if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

The essence of Delta's opposition is that, to Delta's knowledge, it has not been the practice of this court to tax costs either in favor of or against intervenors in CAB review proceedings.

We turn first to the broader issue of whether costs should be taxed either for or against intervenors in any agency review proceedings. Because taxation of costs generally is a matter simply ordered by the Clerk of the Court in the absence of opposition by the parties, it is seldom the subject of published court opinions.

The court asked its Clerk to inquire of the other circuits, to determine their practices, if any, in this regard. It develops that, of those circuits confronting the problem, the prevailing practice has been to treat intervenors in agency actions like any other prevailing or losing party, as the case may be. *See, e. g.,* N.L.R.B. v. Oil, Chemical and Atomic Workers Int'l Union, 476 F.2d 1031, 1038 (1st Cir. 1973). While some of the other circuits had not been confronted with the issue, their Clerks expressed similar opinions. Our own dockets in relatively recent cases reflect actions comporting with the prevailing practice of the other circuits.[4] We think that this practice properly recognizes the role of intervenors in agency review proceedings and is consistent with the intent of Rule 39(a). Moreover, we perceive no reason to carve out an exception for CAB review proceedings. In fact, as noted above, we have previously allowed intervenors their costs in such cases.

■■ Finally, Delta directs our attention to two dockets in which this court reversed Board determinations, and thereafter entered orders taxing costs against the Board without any orders taxing costs against the intervenors on the Board's side.[5] While there is a prevailing practice of taxation of costs for or against intervenors as prevailing or losing parties, it is a practice, not an ironclad rule. Not all cases are alike, and not all require like treatment. Rule 39(a) explicitly recognizes our discretion, qualifying every phrase with "unless otherwise ordered" or similar language. The circumstances of a particular case may lead a court to depart from the prevailing practice. Beyond the obvious initial determination of whether the intervenor was on the winning or losing side, such other factors as the relative merit of the intervenor's contribution, the novelty of the issues, the necessity of intervention and the public interest, to name a few, may also be relevant considerations in regard to taxation of costs.[6] The cases cited by Delta, while relevant, are not controlling.

■ In the instant case the intervenors were prevailing parties who substantially contributed to our resolution of the issues presented. We think they should be allowed their costs.[7]

Motion denied.

---

4. After Allied Indus. Workers, AFL–CIO Local Union No. 289 v. N.L.R.B., 155 U.S.App. D.C. 112, 476 F.2d 868 (1973), the court taxed costs against the intervenor on the union side. After Texas International Airlines, Inc. v. C.A.B., 154 U.S.App.D.C. 113, 473 F.2d 1150 (1972), the court taxed costs in favor of the intervenor on the Board's side. These orders are not reported.

5. The orders are unreported. The decision on the merits appear in Continental Air Lines, Inc. v. C.A.B., 143 U.S.App.D.C. 330, 443 F.2d 745 (1971) ; Delta Airlines, Inc. v. C.A.B., 143 U.S.App.D.C. 8, 442 F.2d 730 (1970).

6. For a discussion of certain of these factors as they may relate to taxation of costs, *see,* Rural Housing Alliance v. U. S. Department of Agriculture, Statement by Chief Judge Bazelon On Bill of Costs, 167 U.S.App.D.C. ——, 511 F.2d 1347, filed September 12, 1974.

7. We agree with Delta that some of the intervenors' requested costs are excessive, and shall make adjustments.