582 F.2d 1066
 AMERICAN RAILWAY SUPERVISORS' ASSOCIATION et al., Petitioners,
v.
UNITED STATES of America and Interstate Commerce Commission,
Respondents.
COMMONWEALTH OF PENNSYLVANIA, Petitioner,
v.
UNITED STATES of America and Interstate Commerce Commission,
Respondents.
 Nos. 77-1008, 77-1487.
 United States Court of Appeals,
Seventh Circuit.
 Aug. 31, 1978.
 
 Wm. G. Mahoney, Washington, D. C., Robert S. Sugarman, Chicago, Ill., Gordon P. MacDougall, Washington, D. C., Robert P. Kane, Atty. Gen., State of Pa., Harrisburg, Pa., for petitioners.
 Peter A. Fitzpatrick, I. C. C., Washington, D. C., Thomas P. Sullivan, U. S. Atty., Chicago, Ill., Robert Lewis Thompson, Dept. of Justice, Washington, D. C., for respondents.
 Howard J. Trienens, Chicago, Ill., for intervenors.
 SUPPLEMENTAL OPINION ON PETITION FOR REHEARING ON AWARD OF COSTS
 Before FAIRCHILD, Chief Judge, and TONE, Circuit Judge.*
 TONE, Circuit Judge.
 
 
 1
 Before us is a petition for rehearing on the award of costs in favor of the railroads as intervenors against American Railway Supervisors' Association, as petitioner in No. 77-1008 and Commonwealth of Pennsylvania, as petitioner in No. 77-1487. In each case the petitioner for review challenged certain provisions of the Commission's regulations, as more fully appears from the opinion on the merits. The railroads, who were themselves petitioners for review challenging other provisions of the regulations in No. 76-2283, filed a single 17-page brief in Nos. 77-1008 and 77-1487 in which they defended the provisions of the regulations attacked by ARSA and Pennsylvania, thus supporting the position of respondent Commission. The Commission's position on these provisions having been sustained, we allowed costs for the printing of the brief to the intervening railroads in the amount of $2,075.29, half to be paid by ARSA and half by Pennsylvania. Since ARSA's and Pennsylvania's objections were addressed to propriety of allowing costs and not the amount claimed, we did not question the amount. In their petition for rehearing on the award of costs, they state that they do not question the division of costs between them if costs are appropriate, but, for the reason noted below, we cannot accept this concession.
 
 
 2
 We have concluded that our order awarding costs should be revised. Our action was in accord with what appeared to be the prevailing practice among the circuits, which was said in Delta Air Lines, Inc. v. CAB, 164 U.S.App.D.C. 279, 281, 505 F.2d 386, 388 (1974), to be "to treat intervenors in agency actions like any other prevailing or losing party, as the case may be." ARSA and Pennsylvania now call our attention to a decision handed down by the District of Columbia Circuit on August 9, 1978, after the entry of our order allowing costs, American Public Gas Ass'n v. FERC, --- U.S.App.D.C. ---, --- F.2d ----. In that case, the court denied costs to an intervenor in a review of an agency order adopting general industry regulations, stating that unlike the court in Delta Air Lines it could not find that the intervenors seeking costs had "substantially contributed to (the court's) resolution of the issues presented" (quoting from 164 U.S.App.D.C. at 281, 505 F.2d at 388), and added,
 
 
 3
 In an ordinary case, the court is inclined as a matter of allocation of judicial resources to follow the general practice of taxing costs in favor of winning intervenors, without taking the time required to make a more defined determination of additional or incremental contribution. Different considerations are involved in cases testing the validity of general industry regulations, where the number of interested participants and intervenors balloons exponentially, and consumer interests have relatively modest resources. The court is concerned lest its approach fracture an adversary system that is already under strain. In such situations the court does appraise the extra utility of intervenor presentations, as was done in Delta. In the present case we find applicant intervenor did not make a substantial contribution, over and above that of the government, to our resolution of the issues.
 
 
 4
 Whatever the standard for awarding costs to an intervenor who is in effect the real party in interest in a review of an agency order, we agree with the District of Columbia Circuit that when the judicial review concerns the validity of generally applicable regulations an intervenor should not be awarded costs unless he has made "a substantial contribution, over and above that of the government, to our resolution of the issues." If applying that standard leads us to conclude that costs should be awarded, we shall next consider whether the amount claimed should be reduced to reflect our estimate of the value of the contribution and the extent to which the brief for which costs are claimed, despite its original contribution, contained material duplicative of material in the agency's presentation. Finally, awards of costs in favor of intervenors in such cases will not be favored.
 
 
 5
 Judged by this standard, the railroads' application for costs against ARSAshould be disallowed in its entirety. The reasons for the regulation in issue were adequately explained by the Commission Report accompanying the regulations, the pertinent passages of that report were called to our attention by the Commission's brief, and the railroads' brief added little or nothing of substance. With respect to the issue raised by Pennsylvania, however, the railroads' brief, by explaining with considerably more clarity and specificity the history and operation of the 50 percent rule, made a substantial contribution, over and above that of the Commission, to our understanding, and therefore our resolution, of the issue. We think, however, that, when due allowance is made for the factors mentioned above, the amount to be awarded as costs in favor of the railroads and against Pennsylvania should be two-thirds of the amount allocable to that petitioner, or $691.77.
 
 
 6
 The order of August 4, 1978, allowing costs to the intervenors in Nos. 77-1008 and 77-1487 is vacated. Costs to the intervenors are disallowed in No. 77-1008 and allowed in No. 77-1487 in the amount of $691.77.
 
 
 
 *
 Circuit Judge Robert A. Sprecher participated in the original decision on the merits, handed down on May 30, 1978, --- F.2d ---- (7th Cir.) but has taken no part in any proceedings in this case since that date