**AMERICAN TRUCKING ASSOCIATIONS, INC., et al., Petitioners,**

**v.**

**INTERSTATE COMMERCE COMMISSION and The United States of America, Respondents.**

**No. 81–4026.**

United States Court of Appeals, Fifth Circuit.[*]

Jan. 21, 1982.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Robert J. Grady, ICC, Kenneth P. Kolson, Robert B. Nicholson, Appellate Section, Antitrust Div., Dept. of Justice, Richard A. Allen, ICC, Washington, D. C., for respondents.

Serby & Mitchell, P. C., Alan E. Serby, Atlanta, Ga., for Brannan, Owen, Refrigerated.

Brooks & Matthews, Hugh T. Matthews, Dallas, Tex., for Steere.

Perry, Crockett, Morrison, & Starling, Donald B. Morrison, Jackson, Miss., for Merchants.

Alan J. Thiemann, William H. Shawn, Sp. Counsel, Washington, D. C., for American, Red Arrow, Merchants Truck and Steere.

Robinson, Felts, Starnes & Latting, P. C., Phillip Robinson, Austin, Tex., for Central, Great Western, Miller and Saia.

Phinney, Hallman, Pulley & Coke, Leroy Hallman, Dallas, Tex., for Frozen and Southwestern.

Alan F. Wohlstetter, Stanley I. Goldman, Washington, D. C., for Aero Mayflower et al.

Todd A. Peterman, Arlington, Va., for American Movers Conference.

James M. Doherty, Austin, Tex., for Moss Trucking Co.

Alan Serby, Atlanta, Ga., for Motor Carrier Lawyers Assoc.

Eugene C. Ewald, Bloomfield Hills, Mich., for Nat. Automobile Transporters.

Keith G. O'Brien, Washington, D. C., for Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

## ON MOTION TO TAX COSTS

Before RUBIN, RANDALL and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Our previously announced opinion in this case, 659 F.2d 452, stated: "Costs are to be equally divided." This pronouncement was Delphic rather than prescriptive, and some of the parties inquire properly into its meaning.

[1, 2] Fed.R.App.P. 39(a) provides in part, "if a judgment is affirmed or reversed in part, . . . costs shall be allowed only as ordered by the court," rather than simply taxing costs according to the result as the prior part of the rule ordains. In appeals from agency decisions, intervenors are treated "like any other prevailing or losing party, as the case may be." *Delta Air Lines Inc. v. CAB*, 505 F.2d 386, 388 (D.C.Cir. 1974). In deciding the costs to be awarded to or taxed against intervenors, the appellate court may consider not only the obviously paramount factor of victory or defeat but also "the relative merit of the intervenor's contribution, the novelty of the issues, the necessity of intervention, and the public interest" as well as any other factors that appear relevant. *Id.* 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3985 & n.4 (1977). If the intervenor did not make a substantial contribution beyond that afforded by one of the parties already involved, it may be denied costs despite the fact that it supported the ultimate victor. *American Public Gas Assoc. v. FERC*, 587 F.2d 1089, 1099 (D.C. Cir.1978). If the intervenor made a substantial contribution to the resolution of the case, the value of its independent contribution should be considered, but the amount claimed by it as costs should be reduced to reflect in some measure the amount of material duplicative of exposition in the briefs of the party whose position it supported. *American Railway Supervisors' Assoc. v. United States*, 582 F.2d 1066, 1067 (7th Cir.), *cert. denied*, 439 U.S. 1039, 99 S.Ct. 641, 58 L.Ed.2d 698 (1978).

The two petitioner groups were the American Trucking Association group [1] and the Brannan Systems group.[2] These two prevailed in part but their broad attack failed. Each of these groups (petitioners and intervenors) is to bear its own costs. Because the I.C.C. regulations were held partially invalid, the I.C.C. is likewise to bear its own costs.

The International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America, filed a separate brief as intervenors. Their brief added little to the material presented by the American Trucking Association group. They are to bear their own costs.

The Household Goods intervenors [3] each made a significant contribution in addition to that made by the parties and the other intervenors. Their attack on those provisions of the regulations affecting household goods causes was successful in large part. They are due costs from the I.C.C. *See* 28 U.S.C. § 2412.

The Clerk is directed to assess costs in accordance with this opinion.

---

1. This group includes American Trucking Associations, Inc., Central Freight Lines, Inc., Frozen Food Express, Inc., Great Western Trucking Co., Inc., Merchants Truck Line, Inc., Miller Truck Line, Inc., Red Arrow Freight Lines, Inc., Saia Motor Freight Line, Inc., Southwestern Motor Transport, Inc., and Steere Tank Lines, Inc. Joining the American Trucking Association group's brief as intervenors were J. H. Rose Truck Lines, Inc., C & H Transportation, Inc., Moss Trucking Co., Inc., Specialized Carriers and Rigging Association, and National Automobile Transporters Association.

2. This group includes Brannan Systems, Inc., Owen Motor Freight Line, Inc., and Refrigerated Transport Co., Inc. Joining the Brannan Systems group's brief as an intervenor was the Motor Carrier Lawyer's Association.

3. Aero Mayflower Transit Co., Inc., Allied Van Lines, Inc., Global Van Lines, Inc., Imperial Van Lines, Inc., and Wheaton Van Lines, Inc. filed a joint brief. A separate brief was filed by the American Movers Conference, Inc.