Douglas T. SMITH, et al., Plaintiffs,

v.

**BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY, et al., Defendants.**

Douglas T. SMITH, et al., Plaintiffs,

v.

**George C. WALLACE, et al., Defendants.**

Civ. A. Nos. 82–0554–BH, 82–0792–BH.

United States District Court, S.D. Alabama, S.D.

March 22, 1988.

Thomas O. Kotouc and Thomas F. Parker, IV, Montgomery, Ala., Bob Sherling, Mobile, Ala., for plaintiffs.

Jim R. Ippolito, Jr., Div. of Legal Services, Dept. of Educ., Montgomery, Ala., for defendants.

Richard T. Dorman, Mobile, Ala., William A. Bradford, Jr. and George H. Mernick, III, Washington, D.C., for defendant-intervenors.

## ORDER

HAND, Chief Judge.

This cause is before the Court on the motions of the defendants, the State Board of Education and State Superintendent of Education, and the defendant-intervenors for taxation of costs. Pursuant to their original motion, as amended on December 7, 1987, defendants seek to have taxed as costs the sum of $21,204.66. Defendant-intervenors seek to be reimbursed the sum of $22,097.87. Plaintiffs object to the taxation of these costs on a number of grounds.

With respect to both of the aforementioned motions, plaintiffs object to the taxation of costs associated with the daily transcripts obtained of the trial in this case, costs involving the sum of $11,257.05 claimed by the defendants and the sum of $11,106.00 claimed by the defendant-intervenors. Plaintiffs also object to the taxation of costs associated with certain depositions which they contend were not admitted into evidence, specifically those involving Dr. Gordon Cawelti ($322.95 claimed by defendants and $242.21 claimed by defendant-intervenors) and Dr. Bernice Wolfson ($294.29 claimed by defendants and $183.25 claimed by defendant-intervenors) who were not even called as witnesses. Plaintiffs also object to the taxation of costs associated with witness travel expenses to the extent such claimed expenses exceed 20.5¢ per mile and 200 miles round trip, or $41.00 per witness.

With respect only to the defendants' motion, plaintiffs contend that certain claimed witness fees are excessive in that the defendants alone controlled when these witnesses were called to testify and, consequently, these witnesses incurred expenses by remaining available to testify for more days than were necessary. Specifically, plaintiffs argue that Dr. Glennelle Halpin only testified for a portion of two days during the trial and, therefore, plaintiffs should not be assessed costs associated with two additional, yet unnecessary, days ($126.00) claimed. Similarly, plaintiffs object to: (1) three days ($189.00) claimed for Dr. Charles Rudder; (2) one day ($63.00) claimed for Reverend Floyd Enfinger; (3) four days ($252.00) claimed for Dr. Barbara McMillin; (4) one day ($63.00) claimed for Mr. Jimmy Jacobs; and (5) one day ($63.00) claimed for Mr. Arthur Heustess. In addi-

tion, plaintiffs object to the taxation of $240.00 in deposition attendance fees on the ground that the depositions were conducted in the offices of the witnesses for their convenience and benefit, to-wit: Dr. Wayne Teague, Mr. Jimmy Jacobs, James Allen, Harold C. Martin, Victor Poole, Evelynn Pratt, John Tyson and Isabelle Thomasson.

In specific connection with defendant-intervenors' motion, plaintiffs object to the taxation of any costs incurred by these parties. Plaintiffs contend that the "[d]efendant-intervenors sought to include themselves in this action and having done so should bear their own costs." Plaintiffs also contend, apparently in the alternative, that since the defendant-intervenors' expenses were to be paid by People for the American Way and the American Civil Liberties Union, the "[i]ntervenors are without standing to seek reimbursement of the expenses of another."

The Court has carefully considered the motions for taxation of costs, together with plaintiffs' objections filed thereto and the entire record in this action. Based upon such consideration, the Court concludes that certain of the plaintiffs' objections are well taken and that costs are due to be taxed only as set forth below.

■ The Court first finds that plaintiffs' contention regarding the propriety of taxing those costs incurred by the defendant-intervenors is without merit. Rule 54(d) of the Federal Rules of Civil Procedure directs that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Despite plaintiffs' protestations to the contrary, the use of the term "party" instead of "parties" does not limit the application of Rule 54(d) to only one of a number of parties who have prevailed in a given litigation. To hold otherwise would be not only absurd, but clearly unjust in cases involving essentially mandatory joinder of parties under such Federal Rules of Civil Procedure as 19, 22 and 24(a).[1] Also contrary to plaintiffs' contention, the case relied upon by the defendant-intervenors, *First National Bank of Atlanta v. Southern Cotton Oil Co.*, 86 F.2d 33 (5th Cir.1936), did involve intervening parties, albeit plaintiff-intervenors against whom costs were taxed. The Fifth Circuit there held:

> [W]e agree with appellees that those similarly situated with plaintiff as the losing parties, who came in and adopted plaintiff's bill and sought to participate in its benefits, should stand, in regard to such costs as may be taxed in favor of appellants, in like case with plaintiffs.

86 F.2d at 35. It is self-evident that if plaintiff-intervenors should stand in like case with plaintiffs as losing parties, then they ought to similarly stand as prevailing parties. Accordingly, defendant-intervenors ought to stand in like case with defendants as prevailing parties in the case at bar.

In addition to the above Fifth Circuit precedent, there exists more recent legal precedent to support defendant-intervenors' entitlement to costs in this litigation. The following cases involve Rule 39(a) of the Federal Rules of Appellate Procedure. Rule 39(a) provides for taxation of costs against the party losing on appeal "unless otherwise ordered." Taxation of costs follows the same principles at both trial and appellate levels. *See e.g., Cotler v. Inter–County Orthopaedics Ass'n.*, 530 F.2d 536, 538 (3d Cir.1976). *See also, Furman v. Cirrito*, 782 F.2d 353, 355 (2d Cir.1986). These principles were applied in *Delta Air Lines v. Civil Aeronautics Board*, 505 F.2d 386 (D.C.Cir.1974), and, after conducting a personal survey of the other circuit courts, this court conclud-

---

1. Defendant-intervenors in this case were permitted to intervene pursuant to Fed.R.Civ.P. 24(a) which provides, in pertinent part:

    (a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

    The Court here found that defendant-intervenors' interest was not adequately represented by the existing parties.

ed that "of those circuits confronting the problem, the prevailing practice has been to treat intervenors in agency actions like any other prevailing or losing party, as the case may be." 505 F.2d at 388. The court cautioned, however, as follows:

> The circumstances of a particular case may lead a court to depart from the prevailing practice. Beyond the obvious initial determination of whether the intervenor was on the winning or losing side, such other factors as the relative novelty of the issues, the necessity of intervention and the public interest, to name a few, may also be relevant considerations in regard to taxation of costs.

505 F.2d at 388. *See also, American Trucking Associations, Inc. v. Interstate Commerce Comm'n.,* 666 F.2d 167, 169 (5th Cir.1982) (adopted and applied the above principles and awarded costs to certain of the intervening parties while denying costs to other);[2] *American Public Gas Ass'n v. Federal Energy Regulatory Comm'n,* 587 F.2d 1089, 1098 (D.C.Cir. 1978) (denied costs to intervening party on grounds that its participation did not substantially contribute to the resolution of the case and the costs claimed were, in essence, duplicative); *American Railway Supervisor's Ass'n v. United States,* 582 F.2d 1066, 1067 (7th Cir.1978) (approved in part and denied in part costs to intervening party). *Cf., Monroe v. United Air Lines, Inc.,* 565 F.Supp. 274, 280–81 (N.D.Ill.1983) (awarded costs to an intervening plaintiff on the basis of its contribution to the resolution of the civil action); *Wade v. Mississippi Cooperative Extension Service,* 64 F.R.D. 102 (N.D.Miss.1974) (awarded costs to an intervening party in a civil action).

Upon application of the above principles to the case at bar, it cannot, in the Court's opinion, be said that the defendant-intervenors failed to substantially contribute to the resolution of the relatively novel issues presented. Nor can it be said that the defendant-intervenors' cost bill duplicates that of the defendants, except perhaps to the extent the intervenors seek reimburse-

ment for the cost of the daily trial transcripts. The Court, therefore, concludes that the defendant-intervenors are entitled to such of their costs as will subsequently be approved.

Before the Court ventures to discuss plaintiffs' specific objections to the costs claimed, it must also note that plaintiffs' reliance upon the intervenors' failure to prevail on the defenses raised in their answer is misguided. A party need not succeed on every claim or defense to be considered the prevailing party in the litigation. As one court has held:

> It is not necessary that a party prevail on *all* issues in order to have costs taxed against the other side. A party will usually be regarded as the prevailing party under Rule 54(d) even though he has obtained *only a portion of the relief sought. Jones v. Diamond,* 594 F.2d 997, 1028 (5th Cir.1979), *reheard en banc,* 636 F.2d 1364 (5th Cir.1981); *United States v. Mitchell,* 580 F.2d 789 (5th Cir.1978); see generally C. Wright & A. Miller, *Federal Practice and Procedure* § 2667 (1973).

*Dowdell v. City of Apopka,* 521 F.Supp. 297, 304 (M.D.Fla.1981), *rev'd in part on other grounds* 698 F.2d 1181 (11th Cir. 1983) (emphasis in part in original and in part added). *See also, Wade, supra,* 64 F.R.D. at 105, in which the plaintiff-intervenor was held to have been the prevailing party despite the fact that the court did not adopt each and every contention advanced or order all the relief requested.

The plaintiffs' final argument regarding defendant-intervenors' standing to seek reimbursement of their costs is entirely meritless and authoritatively unsupported. The assistance received from persons not party to the litigation is, indeed, irrelevant to a party's entitlement to costs. Standing with respect to the taxation of costs derives not from the party's purse, but rather from the party's status in the litigation.

---

**2.** The Eleventh Circuit, in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

■ The Court, having concluded that the defendant-intervenors are entitled to costs, will now address plaintiffs' objections to the cost bills filed in this case. The Court first finds that plaintiffs' objection to the taxation of costs of a daily trial transcript is well taken. The Court agrees that such costs may be taxed pursuant to 28 U.S.C. § 1920(2) if found to be "necessarily obtained for use in the case." *See e.g., J.T. Gibbons, Inc. v. Crawford Fitting Company,* 760 F.2d 613, 615–16 (5th Cir.1985); *Viverette v. Lurleen B. Wallace State Junior College,* 587 F.2d 191, 194 (5th Cir. 1979); *Galella v. Onassis,* 487 F.2d 986, 999 (2d Cir.1973). Contrary to defendant-intervenors' contention, which was adopted by the defendants, and despite the alleged agreement of the parties to the contrary, this Court finds that the premium cost of daily transcripts was not necessary to the conduct of the trial in this case or to the Court's preparation of its opinion. While it may be said that these transcripts assisted counsel in some measure, the mere convenience to counsel is insufficient to justify the taxation of such costs against the plaintiffs in this case. *See, Galella, supra,* 487 F.2d at 999. *Accord, Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 233–34, 85 S.Ct. 411, 13 L.Ed.2d 248, 253–54 (1964); *Admiral Theatre Corp. v. Douglas Theatre Co.,* 585 F.2d 877, 899 (8th Cir.1978); *Thomas v. Duralite Company, Inc.,* 524 F.2d 577, 590 (3d Cir.1975). While it may be true that these transcripts were referred to by the Court in its opinion, the mere convenience to the Court is, likewise, insufficient to establish that daily transcripts were in fact necessary. Consequently, the Court will sustain plaintiffs' objection and disallow as costs the sums of $11,257.05 claimed by the defendants and $11,106.00 claimed by the defendant-intervenors in connection with the daily transcripts procured by the parties.

■ As to plaintiffs' objection to the taxation of costs associated with certain depositions, the Court first finds that those costs claimed with regard to the deposi-tions of Dr. Gordon Cawelti and Dr. Bernice Wolfson are not properly taxable. Contrary to defendant-intervenors' broad general contention, later adopted by the defendants, that "[a]ll depositions for which costs are requested were used either as evidence or to prepare for and/or conduct direct or cross-examination of witnesses at trial," [3] these individuals were not called to testify and their depositions were not introduced into evidence or otherwise used at trial. The parties seeking reimbursement of the expenses associated with these two depositions have simply failed to demonstrate that such depositions were "necessarily obtained for use in the case," an undisputed requisite under 28 U.S.C. § 1920(2). The cases relied upon by the defendant-intervenors and defendants are either factually distinguishable or entirely inapposite in light of the Court's finding regarding lack of necessity. Consequently, the Court will sustain plaintiffs' objection to the taxation of costs incurred relative to the depositions of Dr. Cawelti and Dr. Wolfson and disallow as costs the sums of $617.24 claimed by the defendants and $425.46 claimed by the defendant-intervenors in this regard. Additionally, plaintiffs object to certain costs claimed for depositions on the ground that "deposition costs should be limited to those depositions that were actually introduced by the prevailing party and relied on by the Court or the Court of Appeals." Plaintiffs' position is entirely without merit and legal foundation. Consequently, to the extent plaintiffs object to the remainder of the costs claimed by the prevailing parties in connection with depositions, such objection is overruled.

■ At this juncture, the Court will also note that it finds no merit in plaintiffs' contention that the scheduling of depositions at a time and place convenient to the witnesses, including at the offices of the particular witnesses, obviates the requirement that such witnesses be paid appropriate attendance fees. Plaintiffs have not proffered, nor could they proffer, any legal precedent to support such a contention.

---

3. *See,* Reply to Plaintiffs' Objection to Defendant–Intervenors' Motion to Tax Costs at p. 3.

*See also,* Defendant–Intervenors' Brief in Support of Costs at p. 6.

Thus the Court must overrule plaintiffs' objection to the taxation of deposition attendance fees of $240.00 claimed by the defendants in connection with the depositions of Dr. Wayne Teague, Jimmy Jacobs, James Allen, Harold C. Martin, Victor Poole, Evelynn Pratt, John Tyson and Isabelle Thomasson.

■ The Court must also overrule plaintiffs' remaining objections to the aforementioned motions to tax costs. With specific regard to plaintiffs' objection to the taxation of travel expenses beyond 20.5¢ per mile and 200 miles round trip, the Court finds plaintiffs' reliance upon the standing order of this Court, an order directed only to the Clerk's authority to tax costs, to be misguided. Plaintiffs apparently seek to impose upon this Court's power to tax costs for travel expenses a strict limitation involving the 100–mile area within which the Court is authorized to issue subpoenas under Fed.R.Civ.P. 45(e).[4] Such a strict application of the 100–mile rule, however, has been rejected by the Supreme Court and it is now clear that the 100–mile rule must only be considered by the Court in the exercise of its discretion to tax travel expenses. *See, e.g., Goodwin Brothers Leasing, Inc. v. Citizens Bank,* 587 F.2d 730, 734 (5th Cir.1979), in which the Court discussed the Supreme Court's admonitions in *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964) as applied in subsequent cases. The current status of the law appears to indicate that the taxation of witness travel costs should be limited to 100 miles absent special circumstances which include, but are not limited to, the relevance and necessity of the witnesses' testimony and the existence of court approval before the incurrence of the travel expenses. *Goodwin Brothers, supra,* 587 at 734; *Nissho–Iwai Co., Ltd. v. Occidental Crude Sales, Inc.,* 729 F.2d 1530, 1552 (5th Cir.1984). *See*

*also, National Bancard Corp. v. VISA, U.S.A., Inc.,* 112 F.R.D. 62, 69 (S.D.Fla. 1986); *Castro v. United States,* 104 F.R.D. 545, 551 (D.Puerto Rico 1985); *Todd Shipyards Corp. v. Turbine Service, Inc.,* 592 F.Supp. 380, 399–400 (E.D.La.1984); *United States v. Bexar County,* 89 F.R.D. 391, 393–94 at n. 3 (W.D.Tex.1981). Although prior approval by the Court of the travel expenses of those witnesses residing more than 100 miles from the Court was not obtained, plaintiffs do not contend, nor could they, that the testimony of these witnesses was irrelevant and unnecessary. The expenses claimed are not so unexpected in this case as to cause the Court to place greater emphasis upon the failure to obtain prior approval than upon the relevance and necessity of the witnesses' attendance. *See, e.g., Todd Shipyards, supra,* 592 F.Supp. at 400. The Court shall, therefore, tax as costs all of the travel expenses claimed by the prevailing parties.

■ The final objection raised by the plaintiffs involves the taxation of witness fees to the extent they exceed the number of days the witness actually testified. Specifically, plaintiff objects to the taxation of $756.00 claimed by the defendants on the ground that the plaintiffs had no control over when the defendants called these witnesses to testify. While it may be true that the plaintiffs had no control over when the witnesses were called, it is likewise obviously true that the defendants had no control over the amount of time utilized by the plaintiffs to present their case and to cross-examine defendants' witnesses. The availability of a witness to testify when called, particularly a witness residing some distance from the courthouse, cannot always be directed during the actual course of trial. To deny defendants the costs incurred by their efforts to insure the immediate availability of their witnesses would

---

4. Fed.R.Civ.P. 45(e) provides:

At the request of any party subpoenas for attendance at a hearing or trial shall be issued by the clerk of the district court for the district in which the hearing or trial is held. A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial specified in the subpoena; and, when a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place.

be to impose a requirement of clairvoyance upon defendants' counsel which this Court is not prepared to do. The Court, therefore, overrules plaintiffs' objection to the taxation of $756.00 in witness fees claimed by the defendants.

For the reasons stated above, it is ORDERED that:

1. Defendants' motion, as amended, to tax costs in the amount of $21,204.66 be and is hereby GRANTED only to the extent that the amount of $9,330.37 be and is hereby taxed as costs pursuant to Fed.R. Civ.P. 54(d) and 28 U.S.C. §§ 1920 and 1821.

2. Defendant-intervenors' motion to tax costs in the amount of $22,097.87 be and is hereby GRANTED only to the extent that the amount of $10,566.41 be and is hereby taxed as costs pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. §§ 1920 and 1821.