**Eddie Lee GRAHAM, et al.**

v.

**MILKY WAY BARGES, INC., et al.**

**Civ. A. No. 80-3684.**

United States District Court,
E.D. Louisiana.

Sept. 23, 1988.

Darryl J. Carimi, Gretna, La., for plaintiffs.

J. Barbee Winston, New Orleans, La., for defendants.

## MEMORANDUM OPINION

BEER, District Judge.

The court today heard arguments from all counsel on Southern American Insurance Company's motion to recover costs of premiums that it paid on supersedeas bonds. After considering these arguments, the memoranda submitted by counsel, the record, and the applicable law, the court must deny the motion for the following reasons.

### I.

Included among the myriad claims in this case are claims by Mrs. Elizabeth Daniel and Land & Offshore Services ("Land & Offshore") against Southern American Insurance Company ("Southern"). After the original trial, this court granted judgment against Southern in favor of Mrs. Daniel and Land & Offshore. Southern appealed to the United States Fifth Circuit Court of Appeals. Southern posted a supersedeas bond, and this court stayed execution of the judgment pending appeal.

Southern won on appeal. The Fifth Circuit's judgment in favor of Southern reversed in part and affirmed in part this court's previous decision. The judgment also allocated the burdens of paying appellate costs as follows:

> IT IS ... ORDERED that defendants-appellees-appellants, Milky Way Barge, Inc. and Chevron U.S.A., Inc., pay to third party defendant-appellant, American Fidelity Insurance Company, and *third party defendant-appellee, Southern American Insurance Company,* their costs on appeal, to be taxed by the Clerk of this Court. It is further ordered that all other parties are to bear their own costs on appeal.

*Graham v. Milky Way Barge, Inc.*, No. 84–3695 (5th Cir. August 17, 1988) (Judgment on Rehearing) (emphasis added).

Southern today moves for reimbursement of "the premiums paid for cost of supersedeas bonds...." *See* Fed.R.App.P. 39(e) (provision governing costs on appeal taxable in the district courts). Southern contends that since it prevailed on appeal, Federal Rules of Appellate Procedure 39(e) and 39(a) entitle it to recover these costs either from (1) Mrs. Daniel and Land & Offshore, (2) from Chevron U.S.A., Inc., or (3) from Milky Way Barge, Inc.

### II.

Federal Rule of Appellate Procedure 39(e) requires district courts to assess appellate costs when Rule 39(a) entitles the party seeking remuneration to recover them. *See* Fed.R.App.P. 39(e) ("Costs ... *shall* be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule.") (emphasis added). Included among those costs taxable by the district courts are "the premiums paid for ... supersedeas bonds or other bonds to preserve rights pending appeal...." *Id.* Because Southern today moves to recover the cost of supersedeas bonds, this court must grant the motion if Rule 39(a) entitles Southern to recover any costs of appeal taxable in this court.

Rule 39(a) prescribes which parties to an appeal are entitled to recover appellate costs. That rule states in part, "[e]xcept as otherwise provided by law, ... if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed *only as*

*ordered by the court."* Fed.R.App.P. 39(a) (emphasis added); *see also Kuzma v. United States Postal Service,* 725 F.2d 16, 17–18 (1984); *American Trucking Assns. v. ICC,* 666 F.2d 167 (5th Cir.1982); *Buian v. Baughard,* 687 F.2d 859, 862 (6th Cir.1982); *Delta Airlines, Inc. v. CAB,* 505 F.2d 386, 388 (D.C.Cir.1974). *See generally* Annotation, *Award of Costs in Appellate Proceedings in Federal Court Under Rule 39 of Federal Rules of Appellate Procedure,* 68 A.L.R.Fed. 494 (1984); C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* sec. 3985 (1977); The Lawyer's Cooperative Publishing Co., *Federal Procedure* secs. 3:765–3:772 (1981). Because the Fifth Circuit reversed in part and affirmed in part this court's November 23, 1984 judgment, Southern can recover *no* costs—whether taxed in the appeals court or this court—unless the Fifth Circuit has so ordered.

The Fifth Circuit's *Milky Way* judgment is clear as to which parties must bear which costs. That judgment states, "IT IS ... ORDERED that [Milky Way and Chevron] pay to ... [Southern] ... [its] costs on appeal, to be taxed by the Clerk of this Court. It is further ordered that all other parties are to bear their own costs on appeal." *Milky Way,* No. 84–3695 at 1. The judgment mandates that Southern recover only those appellate costs "to be taxed by the Clerk of *this Court." Id.* (emphasis added). "[T]his Court" clearly refers to the Fifth Circuit Court of Appeals, not to the district court. Considering this language, Rule 39(a) prohibits Southern from recovering costs taxable in the district court—including the costs of premiums paid on supersedeas bonds.

Rule 39(a) gives appellate courts the discretion to award, or not to award, appellate costs. *E.g., Rural Housing Alliance v. United States Dept. of Agriculture,* 511 F.2d 1347 (D.C.Cir.1974). In its discretion, the Fifth Circuit chose only to award those costs taxable in its own court. I am bound by that decision.

Accordingly, Southern's motion is denied. Opposing counsel to submit an order consistent with this minute entry.