JOHN and Kathryn G., for themselves and on behalf of their infant son, Plaintiffs,

v.

BOARD OF EDUCATION OF MOUNT VERNON PUBLIC SCHOOLS; William Pratella, individually and as Superintendent of Mount Vernon Public Schools, Defendants.

No. 91 CV 7306 (BDP).

United States District Court, S.D. New York.

May 1, 1995.

cord *Brumley Estate v. Iowa Beef Processors, Inc.,* 704 F.2d 1362, 1363–64 (5th Cir.1983).

█ The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified. See *Green Construction Co. v. Kansas Power & Light Co.,* 153 F.R.D. 670, 675 (D.Kan.1994). Defendants contend that the daily transcripts were used throughout the trial and thus were necessary. Use of the transcripts during trial, however, does not mean they were "necessarily obtained." See *Galella v. Onassis,* 487 F.2d 986, 999 (2d Cir.1973). "The mere convenience to counsel is insufficient to justify the taxation of costs." *Smith v. Board of Sch. Comm'rs of Mobile County,* 119 F.R.D. 440, 444 (S.D.Ala.1988); see also *Delaware Valley Marine Supply Co. v. American Tobacco Company,* 199 F.Supp. 560, 561 (E.D.Pa.1960) (concluding that although transcript may have been used, "this is not enough to warrant Plaintiff being saddled with the cost of daily copies").

█ "Daily transcripts of trial testimony are not customary." *Zapata Gulf Marine Co. v. Puerto Rico Maritime Shipping Auth.,* 133 F.R.D. 481, 484 (E.D.La.1990). Typically, for the purpose of cross-examination, attorneys takes notes during the trial. In the instant case, adequate references to prior testimony could have been accomplished without the use of the transcripts; there was no need to refer to the precise language of the witnesses. See *Zapata Gulf Marine Co.,* 133 F.R.D. at 484 (involving eight week trial). Therefore, the taxation of costs is reduced to $2,537.25.

In conclusion, the plaintiffs' motion to strike the taxation of costs for expedited trial transcripts is granted.

SO ORDERED.

Michael A. Rebell, New York City, for plaintiffs.

Vincent P. D'Andrea and Hanan B. Kolko, D'Andrea & Goldstein, Mt. Vernon, NY, for defendants.

**MEMORANDUM OPINION AND ORDER**

PARKER, District Judge.

For two weeks in January 1995 this Court conducted a jury trial involving claims brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.,* 42 U.S.C. § 1983, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. After prevailing at trial, defendants submitted a bill of costs totaling $10,282.00 to the Clerk of the Court. Included in this total was a charge of $7,744.75 for the costs of obtaining daily trial transcripts on an expedited basis. The remaining $2,535.25 was for costs incident to the taking of depositions prior to trial. Plaintiffs have requested that all costs relating to the attainment of the daily trial transcripts be stricken.

█ Taxation of costs is governed by 28 U.S.C.A. § 1920 (1994) which provides: "a judge or clerk of any Court of the United States may tax as costs ... [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for the use in the case." See Standing Order M–10–468 of the Southern District of New York (providing same). The decision to tax costs is committed to the discretion of the trial judge, see *Farmer v. Arabian Oil Co.,* 379 U.S. 227, 234, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964), whose decision has been accorded wide latitude and great deference. See *Oscar Gruss and Son v. Lumbermens Mutual Casualty Co.,* 422 F.2d 1278, 1284–85 (2d Cir.1970) ("While we might have held these transcripts to be 'necessarily obtained,' if we had presided at the trial, we believe that the matter was one for [the] discretion of the trial judge.") (citations omitted); ac-